### SIDNEY JAMESON'S CASE.

Suffolk.    December 1, 1925. — January 7, 1926.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Workmen's Compensation Act*, Amount of compensation, Findings by Industrial Accident Board.

A decision by the Industrial Accident Board confirming and adopting findings and a decision by a single member, that an employee who was an ordinary general workman and had received injuries within the provisions of the workmen's compensation act which required the amputation "of the little, ring and middle fingers of his left hand" near the wrist joint, leaving only the thumb and index finger, which could not be brought together without the use of force, causing the hand to be practically useless so that he was unable to get employment, "was entitled to total disability compensation," could not be held by this court to be wrong as a matter of law.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board confirming and adopting findings and a decision by a single member that Sidney Jameson, who had received injuries while employed by G. Herbert Ellison, "was entitled to total disability compensation" for the twenty-two weeks previous to the hearing.

In the Superior Court, the case was heard by *Qua*, J., by whose order a decree was entered in accordance with the decisions of the Industrial Accident Board. The insurer appealed.

*E. I. Taylor*, for the insurer.

No argument nor brief for the claimant.

BRALEY, J. The employee on August 19, 1916, sustained injuries arising out of, and in the course of his employment, which required the amputation "of the little, ring and middle fingers of his left hand" near the wrist joint, leaving only the thumb and index finger. It is stated in the brief of counsel for the insurer, that by an agreement between them, the employee was paid compensation for total incapacity of $10 a week, based on his average weekly wages of $15, until he obtained employment September 16, 1916, when the insurer began to pay, and since has paid only partial compensation. The question therefore before the board member, whose findings and decision were affirmed and adopted by the Industrial Accident Board on review, was, whether the employee's incapacity was total or partial, and if total, what was the period covered. The board member having found total incapacity for a period of twenty-two weeks prior to, as well as at the date of the hearing February 16, 1925, the insurer contends there was no evidence warranting the findings.

The employee was an ordinary general workman, and how far the injury had affected or diminished his physical capacity for manual labor was a question of fact. It has been held repeatedly since *Buckley's Case*, 218 Mass. 354, that we have nothing to do with the credibility of witnesses, or the weight of evidence. The employee was the only witness, and on his evidence, when reviewed, the board member was war-

ranted in finding that the index finger and thumb could not be brought together, without the use of force, causing the hand to be practically useless, and that his inability to obtain employment was due solely to the injury which constituted a condition of total incapacity. We cannot hold as matter of law that these conclusions should be set aside. *Pigeon's Case*, 216 Mass. 51.

The decree awarding compensation for this period, as well as compensation at the same rate from February 16, 1925, is

*Affirmed.*