CAMBRIA COAL MINING CO. *v.* J. S. WILSON.*

(*Knoxville.* September Term, 1927.)

Opinion filed November 21, 1927.

1. WORKMEN'S COMPENSATION. EMPLOYER AND EM-
PLOYEE. WEEKLY EARNINGS.

Where the employer and the employee agree on the average weekly
earnings and compensation is paid on that basis for a time, there
is evidence as to what his earnings were and the employee would
be entitled to judgment on that basis for the duration of his
total disability. (Post, p. 65.)

2. WORKMEN'S COMPENSATION. EMPLOYER AND EM-
PLOYEE. DURATION OF DISABILITY. SETTLEMENT.

Where the trial judge finds that the employee was totally dis-
abled for a period of twenty-six weeks, and temporarily partially
disabled after that, the employee is not required to accept com-
pensation for the period of total disability in full settlement.
(Post, p. 66.)

3. WORKMEN'S COMPENSATION. EMPLOYER AND EM-
PLOYEE. DURATION OF TOTAL AND PARTIAL DISABIL-
ITY.

Under the Workmen's Compensation Act the duration of the tempo-
rary total disability shall be deducted from the duration of the
temporary partial disability. (Post, p. 66.)

Citing: Chapter 123, section 28, subsection (a), Acts of 1919.

4. WORKMEN'S COMPENSATION. JUDGMENT. REVERSAL.
REMAND.

Where there is no evidence to support the finding of the trial court
that the permanent disability lasted for a certain number of
weeks, and the partial disability lasted for a certain number of
weeks, this court will remand the case with instructions to enter

---

*Error to award compensation in excess of that fixed by statute,
see annotation in L. R. A., 1916A, 263; 28 R. C. L., 823; 6 R. C. L.
Supp., 1763.

judgment in accordance with the findings of this court. (Post, p. 66.)

---

*Headnotes 1. Workmen's Compensation Acts, C. J., section 139; 2. Workmen's Compensation Acts, C. J., section 85 (Anno).

---

FROM ANDERSON.

---

Appeal from the Circuit Court of Anderson County.— HON. W. H. BUTTRAM, Judge.

LINDSAY, YOUNG & YOUNG, for plaintiff in error.

S. P. FOWLER, for defendant in error.

MR. JUSTICE MCKINNEY delivered the opinion of the Court.

The only question for decision is the amount petitioner, Wilson, is entitled to recover from the Coal Company, as a result of an accident by which his leg was broken.

The accident occurred on January 12, 1926, and the case was heard by the trial court on September 22, 1926. Wilson was temporarily totally disabled for twenty-six weeks, or until July 13, 1926, and was temporarily partially disabled after that date. The physician, who set his leg, testified that a perfect union had been effected, and that, in all probability, his ability to work would be restored to normal in about twelve months from the date of the accident.

(1) Wilson testified that his earnings prior to the accident had been $16.50 per week, and the point is made that it was not shown that his weekly earnings for fifty-two weeks preceding the accident had been that sum. Wilson and the Coal Company, however, agreed upon that sum, and the Coal Company paid him $8.25 per week, or fifty per cent of his average weekly earnings, as provided by subsection (a) of section 28 of the Com-

pensation Act, for the first thirteen weeks, and tendered him a check for a like amount for the following thirteen weeks, upon condition that he execute a release from further liability, which was declined. In these circumstances, we find there was some evidence as to his earnings, and that he is entitled to recover for twenty-six weeks at $8.25 per week, or $214.50, less $107 paid, and a store account of $93.72, leaving $13.78 for which he is entitled to judgment.

(2) (3) With respect to compensation for temporary partial disability, subsequent to July 13, 1926, we find that he is entitled to recover $5 per week, the minimum sum provided in subsection (b) of section 28 of the Act, not to exceed, however, two hundred and seventy-four weeks.

The act provides that such compensation shall not be paid for more than three hundred weeks, and this period should be reduced by the twenty-six weeks, for which he was paid compensation for temporary total disability, since the act only contemplates compensation for a maximum period of three hundred weeks.

(4) The trial court entered a judgment for one hundred weeks temporary total disability and fifty weeks temporary partial disability.

We find no evidence to support this judgment, and it will be reversed and the case remanded. Upon the remand judgment will be entered in favor of Wilson for $13.78 and for $5 a week for the period that he was temporarily partially disabled, subsequent to July 13, 1926, not to exceed two hundred and seventy-four weeks. If Wilson is still temporarily partially disabled when the case is heard, judgment will be entered for the amount then due, and the company will pay him $5 per week

until two hundred and seventy-four payments have been made, or until his disability is removed.

The costs of the appeal will be paid, two-thirds by the company and one-third by Wilson. Other costs will be adjudged by the trial court.