STEPHEN PATERNO'S CASE.

Suffolk.    December 3, 1928. — February 27, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Workmen's Compensation Act*, Jurisdiction, Appeal, Period of compensation. *Superior Court. Jurisdiction.*

The period of five hundred weeks "covered by" compensation for total incapacity, beyond which such compensation should not be paid under the provisions of St. 1911, c. 751, Part II, § 9, as amended by St. 1914, c. 708, § 4, St. 1917, c. 249, § 1, did not necessarily end in five hundred weeks from the date of the injury.

There was jurisdiction in the Superior Court under St. 1911, c. 751, Part II, § 9, as amended by St. 1914, c. 708, § 4, St. 1917, c. 249, § 1, to enter a final decree in proceedings under the workmen's compensation act awarding to an employee compensation for total incapacity "from November 15, 1927, and continuing thereafter subject to the provisions of the act," where it appeared that he was injured October 1, 1917, and was paid specific compensation for fifty weeks and compensation for total incapacity through March 18, 1918, when he returned to work, receiving no more compensation until November 15, 1927.

Where, from the record before this court on an appeal from a decree of the Superior Court awarding compensation in proceedings under the workmen's compensation act, it appeared that the claim was for compensation for total incapacity; that before a single member of the

Industrial Accident Board the insurer had moved to dismiss the claim because five hundred weeks from the date of the injury to the employee had elapsed; that the single member had denied the motion, that, on review, the Industrial Accident Board, without mention of the motion to dismiss or the jurisdictional question then raised, had approved and adopted "the findings and decision of the single member" and had awarded the compensation sought, and that, in its final decree, the Superior Court in substance had followed the decision of the board, the jurisdictional question was open to the insurer in this court.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board awarding compensation to the claimant, who was injured while employed by Boston Rubber Shoe Company.

Before the single member of the board, the insurer filed a motion to dismiss "the employee's claim for further compensation," based on a contention that the statutory period of five hundred weeks from the date of the injury had expired. Besides the facts stated in the opinion, it appeared that no compensation was paid between March 18, 1918, and November 15, 1927. The single member, after a full hearing of evidence on the merits of the claim, denied the motion and found that the claimant was "entitled to total compensation at the rate of $8.80 per week from November 15, 1927, to continue, subject to the provisions of the act. The amount due the employee to the date of the hearing is $65.37." The insurer filed a claim for review and the board filed a statement of "findings and decision," which stated that the question before it was "Incapacity," and continued: "The report of the board member contains all the material evidence. The reviewing board, upon all the evidence, affirm and adopt the findings and decision of the single member, under which compensation is awarded to the employee at the rate of $8.80 per week, dating from November 15, 1927, and continuing, subject to the provisions of the act, the amount due to March 1, 1928, the date of this hearing on review, being $134.51." No specific mention was made of the insurer's motion to dismiss and to the jurisdictional question raised therein.

In the Superior Court, a final decree was entered by order of

*Bishop*, J., that the compensation for total incapacity stated by the board was due to the employee "from November 15, 1927, and continuing thereafter subject to the provisions of the act," making no mention of the motion to dismiss or the issue it raised. The insurer appealed.

The case was argued at the bar in December, 1928, before *Rugg*, C.J., *Crosby, Carroll, Wait,* & *Sanderson,* JJ., and afterwards was submitted on briefs to *Pierce,* J.

*J. W. Cronin & S. S. Bean,* for the insurer, submitted a brief.

*S. B. Horovitz,* for the claimant.

CARROLL, J. The employee was injured on October 1, 1917. His hand was amputated. He was paid specific compensation under the statute, for fifty weeks. In addition he was paid compensation for total disability through March 18, 1918, when he returned to work. He received the same wages as before the accident, which were gradually increased during the time he remained with his former employer. In February, 1928, a single member of the Industrial Accident Board awarded total compensation from November 15, 1927, to continue under the statute. On November 15, 1927, the period of five hundred weeks from the date of the injury had expired. This decision was based on the ground that St. 1911, c. 751, Part II, § 9, as amended by St. 1914, c. 708, § 4, St. 1917, c. 249, § 1, directed that compensation for total incapacity was to be paid for five hundred weeks, without designating the date of the injury as the time when the five hundred week period was to begin, while compensation for partial incapacity (St. 1911, c. 751, Part II, § 10), was for a period of not greater than five hundred weeks "from the date of the injury." The Industrial Accident Board confirmed this finding and the decree was entered in the Superior Court in favor of the employee.

The contention of the insurer is that compensation for total incapacity occurring more than five hundred weeks after the date of the injury cannot be awarded under the statute.

Under St. 1911, c. 751, Part II, §§ 9, 10, total incapacity was to be compensated during a period not greater than five

hundred weeks, and partial incapacity for a period not greater than three hundred weeks. No specific provision was made for the time when total incapacity was to begin. But in case of partial incapacity the compensation was to begin from the date of the injury. By § 6 of this statute, when death resulted from the injury compensation was to be paid dependents for a period of three hundred weeks "from the date of the injury," without reference to the time when the death occurred, and, if compensation had been paid to the injured employee before his death, compensation to the dependents was to "begin from the date of the last of such payments," but was not to "continue more than three hundred weeks from the date of the injury." By St. 1914, c. 708, the amount of compensation to be paid was increased. In the section relating to the death of an employee, compensation was to be paid for the number of weeks, therein specified, from the date of the injury. When the employee was totally incapacitated, this language was used: "in no case shall the period covered by such compensation be greater than five hundred weeks." When partially incapacitated the compensation was not to exceed five hundred weeks "from the date of the injury." St. 1917, c. 249, further increased the amount to be paid weekly for total incapacity, but no change was made in the period covered by such compensation or in its total amount.

In our opinion the decree in favor of the employee was entered properly. The "period" for which compensation is to be paid does not require that compensation shall be received continually and without interruption. *Hunnewell's Case*, 220 Mass. 351, 355. After a period of total incapacity there may be a period of partial incapacity, followed by another period of total incapacity. For incapacity, partial or total, the employee may be awarded compensation. *Jameson's Case*, 254 Mass. 371. It would seem that the difference in the phraseology of the sections of St. 1911, c. 751, Part II, §§ 9, 10, as amended, dealing with total and partial incapacity, indicated a legislative purpose that the period of total incapacity was not to be limited to the period of five hundred weeks from the date of the injury. The change in

the language of the section relating to partial incapacity in St. 1919, c. 205, to some extent points to the same conclusion. The statute provides that payment is to be made "While the incapacity for work resulting from the injury is total," limiting the period to five hundred weeks without restriction as to the time when the period begins, and there is nothing in the act which requires us to hold that if total incapacity should develop more than five hundred weeks after the injury the employee could not recover compensation. An award made after the five hundred weeks had passed would be consistent with the language of the statute, and neither the word "period" nor the statement as to weeks compels the construction that the time must begin to run at the date of the injury, as the insurer contends.

*Johnson* v. *Iverson*, 175 Minn. 319, and *Cambria Coal Mining Co.* v. *Wilson*, 156 Tenn. 64, tend to support the insurer's contention that compensation for total incapacity occurring more than five hundred weeks after the injury cannot be awarded under the statute; it is also possible that difficulties may arise in the administration of the statute under the construction to be given the statute; but we feel bound by the language used. We cannot ignore the difference in the phraseology in the section relating to partial incapacity and that in the section relating to total incapacity. The difference must be given effect. We cannot reconstruct the act; we can only interpret it. *Morse* v. *Boston*, 253 Mass. 247, 252.

We think the questions argued by the insurer are open. The insurer raised its contention touching the five hundred weeks by motion to dismiss, filed with the single member, which was denied. The insurer's appeal brought every matter at issue before the board on review. The decision of the board, although not specifying any details, imports approval of the single member on every matter. *Gillard's Case*, 244 Mass. 47, 55, 56, relied on by the employee, does not seem to us to be applicable. There was evidence that the employee was permanently incapacitated.

                                        *Decree affirmed.*