## GEORGE C. FENNELL'S CASE.

Suffolk.    October 5, 1934. — January 4, 1935.

Present: RUGG, C.J., PIERCE, FIELD, DONAHUE, & LUMMUS, JJ.

*Workmen's Compensation Act*, Record, Certification, Appeal, Findings by
Industrial Accident Board, Incapacity, Amount of compensation.

If, in his report to the Industrial Accident Board for its review in pro-
ceedings under the workmen's compensation act, a single member of
the board makes a mistake in the stating of the issues before him,
appropriate steps for correction of his report should be taken before
certification of the record to the Superior Court.
The question, whether an omission to make a claim under the workmen's
compensation act seasonably was occasioned by "mistake or other
reasonable cause" within the provisions of G. L. (Ter. Ed.) c. 152, § 49,
could not be raised for the first time in the Superior Court or in this
court on appeal from a decree of the Superior Court, where the certified
record presented to the Superior Court disclosed that the report by a
single member of the Industrial Accident Board to the board on review
stated that the question before him was merely "Total compensation
since" a certain date, and the decision of the board stated that the
question before it was "As stated in the report of the board member."
A finding by the Industrial Accident Board, in proceedings under the
workmen's compensation act, that an employee, by reason of an
injury to his eye, was totally incapacitated during a certain period,
was warranted by evidence in the record that, although he was physi-
cally able to do his work better after his injury than before it, he was
unable to obtain work because of the appearance of his eye.
The record before the Industrial Accident Board in review, in proceed-
ings under the workmen's compensation act, included evidence that
the employee was out of work from July, 1932, to the date of the
hearing before the single member in November, 1933, although since
April, 1933, he had worked for welfare aid, receiving an amount not
stated.  The single member found, and the board on review affirmed
and adopted the finding, that between July, 1932, and November,
1933, the employee had lost "substantial time" because of a condition
resulting from an injury, and that he had been totally incapacitated
for his work for a total period of sixty weeks.  *Held*, that

(1) Although the evidence to support the finding of total incapacity
was slight, the finding was not wholly unsupported by evidence and
therefore was not subject to review by this court;

(2) That finding was not precluded by the fact that the incapacity
was not continuous from the date of the injury;

(3) That finding was not precluded by the evidence of the doing of welfare work, since it did not appear how much aid was received and since compensation was awarded for only sixty weeks.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board affirming and adopting findings and a decision by a single member, described in the opinion.

The record disclosed that the single member stated, as the "question" before him, merely "Total compensation since July 27, 1932"; and that the board stated as the "question" before it, merely, "As stated in the report of the board member."

In the Superior Court, by order of *Brown*, J., a final decree was entered in accordance with the decision by the board. The insurer appealed.

*S. S. Bean*, for the insurer.

*S. B. Horovitz & F. B. Mahoney*, for the claimant.

PIERCE, J. This is an appeal by the insurer, in a proceeding under the workmen's compensation act, from a decree awarding compensation to an employee in accordance with a decision of the reviewing board which adopted the findings of the single member.

The material evidence is reported and in substance is as follows: On September 1, 1915, George C. Fennell, an employee of the Bethlehem Shipbuilding Corporation (otherwise known as the Fore River Company), then insured under the workmen's compensation act, sustained an injury to his left eye resulting in a total loss of vision in that eye, and such a change in appearance from the right eye that in turning the left eye its abnormal condition is apparent. The insurer agrees that the employee was paid specific compensation, and also was paid weekly compensation at the rate of $10, based on an average weekly wage of $18.64, from September 1, 1915, until November 24, 1915, when he returned to his work. For a number of years thereafter he received higher wages than he did before his injury. He worked steadily until 1927, and in-

termittently thereafter until July 27, 1932, when he was laid off by the Bethlehem Shipbuilding Corporation because, as testified by the employment manager of the corporation, there was "lack of work." Since July 27, 1932, up to the date of the hearing, November 27, 1933, he has been out of employment, though since April, 1933, he has worked for welfare aid. Despite his testimony that he could do his work better after the accident because he was more careful, the single member concluded that between July 27, 1932, and November 27, 1933, he lost "substantial time" because of the condition of his eye; that he has been incapacitated for his work for a total period of sixty weeks and compensation should be paid him in the amount of $600; that "as there was an understanding between the parties following the hearing that the employee would return to work at once as a result of the offer of the employer, no order should be made for payment of compensation beyond the date of the hearing"; and that the employee's rights were reserved.

The record discloses that the employee filed a claim for compensation on October 3, 1933. It does not show that any claim or report of an injury to him was filed or made before that date. The insurer contends, but the record does not show that it so contended at the hearing before the board member on November 27, 1933, (1) that the employee had failed to file his claim seasonably; (2) that no compensation for partial disability could be awarded after five hundred weeks from the date of the injury; and (3) that the employee was not entitled to compensation for total disability because he had not been totally disabled as a result of his injury at any time since his return to work for his employer on November 24, 1915.

On the question of the alleged unseasonable filing of the claim, it is to be noted that the insurer concedes that the employee was paid compensation from September 1, 1915, the date of his injury, to November 24, 1915, when he returned to work, and that he "received fifty weeks additional compensation of $10 a week for the permanent reduction of vision of the left eye to one tenth of normal with glasses."

It is to be further noted that the insurer makes no claim that it did not have notice of the injury to the employee within six months after the occurrence, as prescribed by St. 1911, c. 751, Part II, §§ 15, 16, 17, 18. G. L. c. 152, § 44. Indeed, the several payments all appear to have been made within six months after the occurrence of the accident.

St. 1911, c. 751, as amended by St. 1912, c. 571, § 5, now G. L. (Ter. Ed.) c. 152, § 49, reads, in part: "The failure to make a claim within the period prescribed by section fifteen shall not be a bar to the maintenance of proceedings under this act if it is found that it was occasioned by mistake or other reasonable cause." St. 1923, c. 125, now G. L. (Ter. Ed.) c. 152, § 49, provides that in "no case shall failure to make a claim bar proceedings if the insurer has executed an agreement in regard to compensation with the employee or made any payment for compensation under this chapter." The accident having occurred before the enactment of St. 1923, c. 125, the failure to file a claim for compensation barred the right of the employee unless such failure was the result of "mistake or other reasonable cause." The filing of a claim is a substantive and not a procedural matter. *Devine's Case*, 236 Mass. 588, 594. *Walkden's Case*, 237 Mass. 115, 118. *Levangie's Case*, 228 Mass. 213, 217. *Barry's Case*, 240 Mass. 409, 411.

The insurer's contention that this point was seasonably raised is not warranted by the record; the sole question stated by the single member and the reviewing board is "Total compensation since July 27, 1932." If a mistake was made as to the statement of issues, appropriate proceedings for its correction should have been taken seasonably. *Gillard's Case*, 244 Mass. 47, 56. It is clear that the question of sufficiency of the notice was not considered an issue by the single member or reviewing board, because the subscriber and insurer had actual knowledge of the injury within the prescribed time for giving notice of the accident, and no evidence was adduced by the employer or insurer to prove or disprove that the late filing of the claim was by mistake. There was, however, the evidence of an

agreement in regard to compensation, and payments made in discharge of the insurer's obligations. This fact was a "reasonable cause" for not filing a claim within the prescribed time. The question of the sufficiency of the form of notice or claim may be waived. *Mallory's Case*, 231 Mass. 225. The issue whether a failure to file the notice or claim is excused "if it is found that it was occasioned by mistake or other reasonable cause" may be conceded in favor of the employee upon evidence, or waived without evidence. It follows that the sufficiency of the "reasonable cause" why the claim should not be barred for failure to file the claim with the Industrial Accident Board cannot be raised for the first time in the Superior Court or in this court on appeal by the insurer.

The second position taken by the insurance company, that no compensation for partial disability could be awarded after five hundred weeks from the date of the injury, was sustained by the single member and is conceded by the employee. See now G. L. (Ter. Ed.). c. 152, §§ 34, 35.

The third position of the, insurer, that the employee was not entitled to compensation for total disability as the result of his injury at any time since his return to work for his employer on November 24, 1915, is open to the insurer, by reason of the finding of total incapacity in spite of the employee's testimony that he could do his work better after the accident than he could before. The single member and the Industrial Accident Board in effect found rightly that there is no legal obstacle to a finding of total incapacity in the lapse of more than five hundred weeks from the date of the injury, as is the case in partial incapacity. *Paterno's Case*, 266 Mass. 323, 326. In the light of the employee's testimony that he could do his work better after the accident than he could before, it is plain that physical disability of the employee to do work was not total. The Industrial Accident Board, however, concluded that total inability to do work and total incapacity to earn wages for work done are not synonymous, and that total incapacity is present if the employee in the case at bar, on account of the appearance of his eye, is

unable to obtain work. It would seem that the appearance of the eye as a factor in obtaining employment is, or may be, as much a consequence of the injury as the loss of sight. Assuming that employers would not hire the employee because it was obvious that he had but one effective eye, the question presented is whether a total incapacity within the meaning of the act may occur when there is no physical disability to perform work. Compensation is allowable when there is an impairment of earning capacity. *De Filippo's Case*, 284 Mass. 531, 533. It is settled that when an employee is disabled from doing some types of work and is unable to obtain work of the type he is able to do, a finding of total incapacity is warranted. *Sullivan's Case*, 218 Mass. 141. *Duprey's Case*, 219 Mass. 189, 193. Compare *Manley's Case*, 282 Mass. 38, 39. In a case in the House of Lords, *Ball* v. *William Hunt & Sons, Ltd.* [1912] A. C. 496, cited with approval in *Sullivan's Case*, 218 Mass. 141, 143, an employee lost an eye and had no difficulty in obtaining employment until he received an injury to the same eye which caused a noticeable defect, with the result that he could obtain no work. It was there held that the second accident caused an incapacity, partial or total according as to whether he could get some or no work. On principle, when one is unable to obtain other employment because of visible, physical results of an industrial accident, that person's earning capacity is as much impaired as if he were physically disabled to the extent that he could do no work. If such cause and effect are presented, the precise way in which one operates to bring them about is of no importance. It follows that the finding of the Industrial Accident Board as to total incapacity was not precluded by the fact that the employee was not physically disabled for work.

The remaining contention is that "The record contains no evidence upon which a finding of total incapacity during the sixty weeks immediately preceding the hearing can rest." It is in evidence that the employee was out of work from July, 1932, until April, 1933; that he found no employment; and that since April, 1933, he has worked for

welfare aid, receiving an amount which is not stated. The evidence to support the finding is slight, but the finding is necessarily a question of fact and it cannot be said to be legally unsupportable. Being a question of fact it is not subject to review by this court if there is any evidence upon which it can rest. *Hudson's Case,* 244 Mass. 330, 333. *Weir's Case,* 252 Mass. 236, 238. The finding of total incapacity was not precluded by the fact that such incapacity was not continuous from the date of the injury. *Dow's Case,* 252 Mass. 191. *Paterno's Case,* 266 Mass. 323, 326. Nor would such finding seem to be precluded by evidence of the doing of welfare work since it does not appear how much aid was received, and since compensation was awarded for only sixty weeks. In the opinion of a majority of the court the decree should be affirmed.

*So ordered.*