### WILLIAM STRYCHARZ'S CASE.

Hampden.    April 4, 1935. — June 25, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, LUMMUS, & QUA, JJ.

*Workmen's Compensation Act,* Incapacity.

In proceedings under the workmen's compensation act upon a claim by an employee who, shortly after suffering a compensable injury to his hand in 1919, returned to work and worked until 1929, when he was discharged, and thereafter was unable to obtain employment except

on special work for another employer for a period of about a year, the evidence did not warrant a finding that he was totally incapacitated from the time of his discharge in 1929 as a result of the injury in 1919.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board awarding compensation.

A decree entered by order of *Williams*, J., is described in the opinion. The employee appealed.

*S. B. Horovitz*, (*B. A. Petkun & R. J. Talbot* with him,) for the claimant.

*C. R. Brooks*, for the insurer.

CROSBY, J. This is an appeal by the employee from a decree entered in the Superior Court adjudging that he was not entitled to compensation under the workmen's compensation act.

The single member of the Industrial Accident Board found that the employee suffered a personal injury arising out of and in the course of his employment on January 22, 1919, when the striking of a heavy object on the index, middle, and ring fingers of his left hand required their amputation in part. He was paid specific compensation of $10 per week for twenty-five weeks, and total disability compensation of $14 per week on an average weekly wage of $23.25 from February 1, 1919, to May 12, 1919, when he returned to work. He continued to work in various capacities for the Fisk Rubber Company, in whose employment he was injured, until he was laid off on October 2, 1929. Since that time he has worked only for the Johnson Company, from June 1, 1932, to July 1, 1933, at $16 per week for the larger part of the time, and then at $14 per week to the time he finished there. The single member further found that the employee is right handed, and has a fairly good grip with the thumb and little finger of the left hand; that the stumps of the amputated fingers are well healed with no neuroma. He found and ruled that the employee is partially incapacitated by reason of his injury; that he has an earning capacity of $14 per week, and is entitled to partial disability compensation of two thirds of the difference between his average weekly wage of $23.25 and $14, that is, $6.17 per week,

from October 2, 1929, to the date of decision and continuing under the act, except for the intermediate period from June 1, 1932, to July 1, 1933, when he was employed and actually paid by the Johnson Company an average wage of $15 weekly; and that by reason of his injury he was entitled to partial disability compensation of two thirds of the difference between $15 and $23.25, or $5.50 per week, for the intermediate period.

The reviewing board received evidence of the condition of the employee's injured hand by observing it and the limitation of function demonstrated, and found, upon all the evidence, that he was entitled to the payment of total compensation at the rate of $14 per week based on average weekly wages of $23.25 from October 2, 1929, and continuing subject to the provisions of the act, excepting therefrom the period June 1, 1932, to July 1, 1933, when he received wages on a special job in which he was favored.

A decree was entered in the Superior Court that upon "the record of all the evidence" the employee had "not been totally incapacitated for work since October 2, 1929, as a result of the injury sustained on January 22, 1919, but that said employee has suffered partial disability only and has been partially incapacitated for work since October 2, 1929, as a result of said injuries"; that the employee is not entitled to compensation for his partial incapacity to work since October 2, 1929, for the reason that on October 2, 1929, more than five hundred weeks had elapsed from the date of the injury. The employee appealed from the final decree.

On October 2, 1929, more than five hundred weeks had elapsed from the date of injury; therefore the employee was not entitled to compensation for partial incapacity beginning on that date. *Paterno's Case,* 266 Mass. 323. St. 1911, c. 751, Part II, § 10, as amended by St. 1914, c. 708, § 5. But the employee makes no claim for partial incapacity to work. The question for decision on this record is whether the evidence warrants a finding by the Industrial Accident Board of total incapacity for which the employee is entitled to compensation from October 2, 1929. See

*Walsh's Case*, 281 Mass. 228, 231, 232. The employee testified that he did not do his regular work when he returned following his injury in 1919; that he was laid off in October, 1929; that he was not able to do the job that was given him; that the company had more jobs when he got laid off; that he could not handle anything so well with the left hand as with the right; that he had been to the Fisk Rubber Company for a job since he was laid off in October, 1929, about ten times; that in June, 1932, he obtained work with the Johnson Company; that he got through there in July, 1933, because he could not work fast enough; that he has had no employment since although he has made effort to find work. His son and his son-in-law testified that he could not get along with the work at the Johnson Company because he could not work fast enough, and could not do the work with one hand.

Although the single member found that the employee had an earning capacity of $14 per week, the reviewing board found that the employee ". . . sustained obviously permanently disabling injuries to the index, middle, ring and little fingers of his left hand, the nature and extent of such injuries being such as to limit his opportunity to obtain employment, that special work must be provided him to enable him to earn and that as the result of such injuries he has been totally incapacitated for work since October 2, 1929." The single member found the employee to be partially incapacitated for work. The reviewing board heard no further or other evidence, except that it "received evidence on the condition of the employee's hand by observing the injured left hand and the limitation of function demonstrated."

We are of opinion that the evidence did not warrant a finding of total incapacity to work after October 2, 1929. The evidence shows that for ten years, from the year 1919 until October 2, 1929, he was in the employ of the Fisk Rubber Company, and during that time received as wages the sum of $14,551.25. There was no evidence of any change in the employee's physical condition after his employment by the Fisk Rubber Company for ten years and five months

following his injury, which could be attributed to his injury; and it appears that he subsequently worked for the Johnson Company about thirteen months, but has been unable to obtain employment since leaving that company. *Driscoll's Case*, 243 Mass. 236, 239. *McCann's Case*, 286 Mass. 541, 544. The cases cited by the employee are distinguishable in their facts from the case at bar. The decision in *Fennell's Case*, 289 Mass. 89, is not applicable to the facts here. In that case the single member found that the employee's injury which resulted in the loss of the left eye changed the appearance of that eye so that it was readily apparent that the optic was not normal, and that the experience which he stated showed that he had been refused work on a number of occasions because of the blindness of his eye. There are no such findings in the present case or that anyone to whom he applied for work ever saw the injury to his left hand. He testified that he was laid off because he could not do the work. That testimony does not warrant a finding that he was totally incapacitated from doing other work. There is no evidence that he was more incapacitated when his employment ended with the Johnson Company than during the ten years he was with the Fisk Rubber Company after he was injured. To entitle the employee to recover it must appear affirmatively that his failure to obtain work was due to incapacity resulting directly from the injury and not to a depressed condition of industry, or to other causes for which the insurer would not be liable. *Capone's Case*, 239 Mass. 331, 333. *McCann's Case*, 286 Mass. 541, 544. *Cardiff Corp. v. Hall*, [1911] 1 K. B. 1009, 1020.

As the evidence did not warrant a finding of total incapacity the final decree entered in the Superior Court must be affirmed.

*So ordered.*