## LILLIAN KOMAR'S CASE.

## SYLVIA FORTUNA'S CASE.

Suffolk.    February 4, 1936. — February 6, 1936.

Present: RUGG, C.J., PIERCE, FIELD, LUMMUS, & QUA, JJ.

*Workmen's Compensation Act*, Recommittal to Industrial Accident Board.

Where a proceeding under the workmen's compensation act was ripe for decree in the Superior Court before St. 1935, c. 424, took effect, the claimant was not entitled to recommittal for diagnosis by industrial disease referees under that statute, and for reconsideration of the case in the light of the diagnosis.

CERTIFICATIONS to the Superior Court under the provisions of the workmen's compensation act of decisions by the Industrial Accident Board.

In each case a motion by the claimant to recommit was denied, and a decree dismissing the claim was entered, by *Weed*, J., who thereupon reported the cases.

*D. W. Jacobs*, for the claimants.

No argument nor brief for the insurer.

RUGG, C.J.    These cases under the workmen's compensation act arose out of injuries alleged to have been sustained during the first half of 1933. In each case the nature of the injury was pulmonary tuberculosis, alleged to have been caused or aggravated by conditions of employment. The evidence was sufficient to warrant the Industrial Accident Board in deciding that there was no causal relation between the conditions of employment and the alleged injury, and the board ordered the claims to be dismissed. The finding of the board in one case was filed in October, 1934, and in the other in September, 1935.

At the hearing in the Superior Court for final decree, each employee filed a motion to recommit the case to the board. The only ground stated in the motions, which is now urged, is that each employee was entitled as matter of right to have the case recommitted to the board for exami-

nation by three industrial disease referees appointed in accordance with the provisions of St. 1935, c. 424, and to have her case reconsidered by the board in the light of the report of such referees. That statute became effective October 14, 1935. The motions were filed a considerable time after the decisions by the board and after the cases were ripe for disposition and were presented for final decree in the Superior Court. The trial judge was right in denying the motion in each case. Without considering whether said c. 424 affects substantive rights or is simply procedural, and without passing upon other aspects of that chapter, it is enough to say that in each case the employee did not have the right to have the case recommitted. Whatever else may be said about that statute, it is plain that it was not applicable to these cases at the stage when the motions were presented.

In each case the entry may be

*Final decree dismissing claim affirmed.*