PETER VASS'S CASE.

Suffolk.     January 9, 1946. — March 6, 1946.

Present: FIELD, C.J., QUA, DOLAN, RONAN, & WILKINS, JJ.

*Workmen's Compensation Act*, Incapacity, Jurisdiction of Industrial Accident Board.

Under § 34A, inserted in G. L. (Ter. Ed.) c. 152, by St. 1935, c. 364, and amended by St. 1943, c. 276, the Industrial Accident Board, even though there be no evidence that an employee has earned any wages after the making of an approved agreement under which he was being paid compensation as one permanently and totally disabled, has jurisdiction to hear and decide the question, later presented, whether the disability continues to be permanent and total.

CERTIFICATION to the Superior Court of a decision of the Industrial Accident Board.

The case was heard by *Baker*, J.

*V. C. Curcio*, for the insurer.

*E. Carr*, for the claimant, submitted a brief.

WILKINS, J. The employee sustained an injury arising out of and in the course of his employment on November 6, 1935, and was paid total disability compensation at the rate of $10.67 a week, to November 25, 1943, to the maximum amount of $4,500. G. L. (Ter. Ed.) c. 152, § 34, as amended. Since the latter date the insurer, pursuant to an approved agreement under G. L. (Ter. Ed.) c. 152, § 34A, inserted by St. 1935, c. 364, as amended by St. 1943, c. 276, has paid weekly compensation. On May 3, 1945, at the request of the insurer under § 34A, as amended, there was a hearing on the question of total and permanent disability before a single member of the Industrial Accident Board, at which the insurer offered to show that the employee was able to do some work. In response to questions by the single member, counsel for the insurer stated that he could present no evidence that the employee had earned any wages since the making of the agreement to pay compensation. The single member then ruled, subject to the insurer's exception, that in the absence of such evi-

dence he had no jurisdiction to hear the case, and dismissed the insurer's "claim for a hearing on" the question of total and permanent disability. The reviewing board affirmed the decision of the single member. In the Superior Court a decree was entered that the insurer's "appeal from findings and decision of the Industrial Accident Board be dismissed," and the insurer appealed to this court.

The point to be determined is whether, after an approved agreement under § 34A, jurisdiction to review the question of total and permanent disability depends solely upon whether the employee subsequent to the agreement has in fact earned wages. Section 34A, as amended, provides, "At any time before or after an injured employee has received the maximum compensation to which he is or may be entitled under sections thirty-four and thirty-five, or either of them, such employee and the insurer may agree, or, on application for a hearing by either party, a member or, on review, the board may find, that the disability suffered by the injured employee is total and permanent. After such an agreement or finding, during the continuance of such total and permanent disability, the insurer shall make or continue to make payments to the injured employee under section thirty-four so long as compensation is payable under said section, and thereafter during such continuance shall pay to the injured employee a weekly compensation equal to one half his average weekly wages . . . [subject to certain maximum and minimum requirements]. If an employee who has been agreed or found to be totally and permanently disabled earns wages at any time thereafter, payments of compensation may be suspended in the manner provided in section twenty-nine. If such wages are earned before the injured employee has received the maximum compensation to which he is or may be entitled as aforesaid, such employee, during the period of suspension, may, if otherwise entitled thereto, receive payments under section thirty-five; but if such wages are earned after he has received such maximum, no payments shall be made during such period."

The reasoning of the decision of the single member,

adopted by the board, was that there is no general provision in § 34A, as amended, for inquiry as to whether an employee is totally and permanently disabled; that the only reason for which compensation paid under § 34A may be suspended is the actual earning of wages by the employee; and that the one method of relief open to the insurer is to ask for a suspension of payments "under" § 29.[1] The only case cited in the decision is *Bott's Case*, 230 Mass. 152, which held that, under the workmen's compensation act as it then stood (St. 1911, c. 751, Part II, § 6, as amended), the widow of an employee did not by remarriage lose the right to receive compensation awarded to her, as the act made no provision for inquiry into any subsequent change in her condition of dependency. See now G. L. (Ter. Ed.) c. 152, § 31, as amended.

Our concern, however, is whether inquiry into changed conditions is permissible under § 34A, as amended, which expressly requires payments only during "continuance" of total and permanent disability. And we have recently said, "It is apparent from the terms of § 34A, as amended, that total and permanent disability is intended to mean total and permanent disability to earn wages." *Frennier's Case*, 318 Mass. 635, 639. We do not think that the provision for the suspension of payments, not "under", but "in the manner" provided in, § 29, as amended, where the employee "earns wages," offers the only method and specifies the only ground for determination of "continuance" of such disability. Such a restrictive interpretation seems to us utterly unjustified. Under that construction, instead of prescribing payments during the "continuance" of permanent and total disability, § 34A, as amended, would require

[1] Section 29, as appearing in St. 1937, c. 382, reads: ". . . except under section thirty-five, no compensation shall be paid for any period for which any wages were earned. When compensation shall have begun it shall not be discontinued except with the written assent of the employee, or with the approval of the department or a member thereof, granted only after an impartial examination or after a personal interview with the employee by a member or employee of the department or after failure of the employee to report for or submit to such examination or interview after reasonable notice by the department; provided, that such compensation shall be paid in accordance with section thirty-five if the employee in fact earns wages after the original agreement or decision is filed."

payments to be made indefinitely to an employee who, although capable of doing so, chose not to earn wages. In that event the "continuance" of permanent and total disability would be wholly artificial, and could be prolonged contrary to fact at the option of the employee. We cannot believe that the Legislature intended that result or has used language requiring it. We conclude that there was error in the ruling in this case.

Our conclusion is in conformity with other decisions under the workmen's compensation act. The agreement for compensation is a final determination of the facts of liability, employment, and injury arising out of and in the course of employment, but not of the extent of the injury, or the payments to be made except for the period covered. *MacKinnon's Case*, 286 Mass. 37, 38–39. *West's Case*, 313 Mass. 146, 153. *Amon's Case*, 315 Mass. 210, 216. The nature of the inquiry under § 34A is the same as under §§ 34 and 35, relating respectively to total disability and partial disability. *Hummer's Case*, 317 Mass. 617, 624. *Frennier's Case*, 318 Mass. 635, 639. Weekly payments under §§ 34 and 35 may be changed if the employee's condition warrants. *Johnson's Case*, 242 Mass. 489, 494. *Korobchuk's Case*, 280 Mass. 412, 416. *MacKinnon's Case*, 286 Mass. 37, 38–39. *Casieri's Case*, 286 Mass. 50, 53–55. G. L. (Ter. Ed.) c. 152, § 12, as amended. This may involve determining from time to time whether incapacity is total or partial. "It is common knowledge that a condition, which, as in the case at bar, originally was one of total disability may by improvement change to partial disability, and if at the request of the insurer and after a hearing it appears that total disability has ceased the amount of compensation is to be accordingly reduced." *Ginley's Case*, 244 Mass. 346, 348. "After a period of total incapacity there may be a period of partial incapacity, followed by another period of total incapacity." *Paterno's Case*, 266 Mass. 323, 326. See *Hunnewell's Case*, 220 Mass. 351.

The decree of the Superior Court is reversed, and the insurer's "claim" is to stand for hearing before the Industrial Accident Board.

*So ordered.*