## SAMUEL WILLAND'S CASE.

Worcester.    September 23, 1947. — October 31, 1947.

Present: QUA, C.J., LUMMUS, DOLAN, RONAN, & WILKINS, JJ.

*Workmen's Compensation Act*, Jurisdiction of Superior Court; Procedure: decree.

The Superior Court, upon certification of a decision of the Industrial Accident Board under the workmen's compensation act, has no power to make findings beyond those made by the board unless they are the result of findings which the board has made.

A decree of the Superior Court in a workmen's compensation case, ordering a payment according to a decision of the Industrial Accident Board, but improperly including a finding beyond those made by the board and not the result of such findings, was modified, on appeal, by striking out the finding improperly included, and as so modified was affirmed.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the workmen's compensation act.

A decree was entered by order of *Giles*, J.

*M. J. Rubin*, (*J. C. McDonald* with him,) for the insurer.

*Nicholas Fusaro & Nunziato Fusaro*, for the claimant, submitted a brief.

WILKINS, J.  The employee strained his side while loading a piano onto a truck, and was paid compensation. Later there was a hearing under G. L. (Ter. Ed.) c. 152, § 12, as amended, on the issue of present incapacity before a single member of the Industrial Accident Board, who found, "Upon consideration of all the evidence, with particular reference to the report of Dr. Cadis Phipps, who impartially examined the employee on December 5, 1946, and expressed the opinion that there was causal relation between employee's condition and the piano lifting, I find . . . that the employee continues to be totally incapacitated by reason of his injury of October 8, 1945, and order the insurer to continue the payment of total compensation as heretofore."  The reviewing board affirmed and

adopted the findings and decision of the single member. In the Superior Court a decree was entered ordering the continuation of payments. The insurer appealed.

The only question before us relates to the first paragraph of that decree, which reads, "That on October 8, 1945, the employee received a personal injury arising in and out of the course of his employment, *resulting in a general strain of all the intercostal muscles of his chest and myocardial degeneration.*" The words in italics are not based on the findings of the reviewing board. It was the duty of the Superior Court, however, "to render a decree in accordance" with the decision of the board. G. L. (Ter. Ed.) c. 152, § 11, as amended. "This means that the '.decree must be that required as matter of law by the facts set forth in the decision of the board unless the decision is unsupported by evidence or tainted by error of law.' *Lopes's Case*, 277 Mass. 581, 585." *Whittaker's Case*, 319 Mass. 582, 583. The Superior Court was without power to make the findings in question. *Filosa's Case*, 295 Mass. 592, 596. That court cannot make findings the reviewing board has not made unless such findings are the result of findings which the reviewing board has made.

The decree is modified by striking out in paragraph 1 thereof the words, "resulting in a general strain of all the intercostal muscles of his chest and myocardial degeneration," and as so modified it is affirmed.

*So ordered.*