DOMINICK GRAMOLINI'S CASE.

Worcester.    September 24, 1951. — November 9, 1951.    ·

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Workmen's Compensation Act*, Incapacity;  Procedure:  rehearing, recommittal.

Evidence respecting the abilities and efforts to secure work of a manual laborer after he had lost all the fingers and the thumb of his left hand in an accident while at work warranted a finding that he was permanently and totally disabled within § 34A inserted in the workmen's compensation act, G. L. (Ter. Ed.) c. 152, by St. 1935, c. 364.

Recommittal of a workmen's compensation case by the reviewing board to the single member to hear new evidence is discretionary with the · board.

This court, to which the insurer in a workmen's compensation case had appealed from a decree awarding compensation for permanent and total disability under G. L. (Ter. Ed.) c. 152, § 34A, inserted by St. 1935, c. 364, did not consider a motion presented to it by the insurer to recommit the case to the Industrial Accident Board to hear

evidence that the claimant had recently been working, and affirmed the decree on the record of the appeal; the insurer's remedy was to apply to the board for a determination whether any change in disability had occurred.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board awarding compensation under the workmen's compensation act.

The case was heard by *Morton*, J., by whose order a decree accordance with the board's decision was entered. The insurer appealed.

*P. L. Hinckley*, (*B. A. Crowell with him*,) for the insurer.

*T. S. Carey*, for the claimant.

RONAN, J. This is a workmen's compensation case. The employee was injured on March 11, 1943, when his left hand was caught in the gears of a machine which he was oiling. He lost all the fingers and thumb of the left hand, and also sustained a severe burn to the upper left arm as it was drawn into the machine and up against a live steam pipe. He has not since been employed in any regular or gainful occupation. He has with the help of another built a two room house which was supported on piles and covered with tar paper. After it was built he at times excavated beneath the house and built two sides of the cellar wall. He has cleared a part of his land and collected fire wood. He also with assistance built a hen house. He is able to drive a truck although the vibration on the steering wheel causes pain to the left hand. He could work as a watchman if he were not required to attend to a boiler. He would have difficulty in sweeping as he has not enough left of his thumb to enable him to grip the handle of a broom. An operation might be performed to alleviate the pain from which he now suffers, or so that a prosthesis with a hook could be attached, or to attempt a reconstruction of the thumb so as to give him the ability to grasp between the thumb and the remainder of the palm of his hand. Previous to his injury he had worked as a laborer on various jobs. His work at the time of the injury required the use of both hands. He had been paid compensation for total incapacity up to April

2, 1948, when the maximum amount of $4,500 had been paid. He was also paid specific compensation for the loss of his hand. He now seeks compensation for permanent and total incapacity under G. L. (Ter. Ed.) c. 152, § 34A, as inserted by St. 1935, c. 364.

It had already been decided that the employee had suffered total incapacity since the injury and that he had been paid compensation upon the basis of such incapacity until the maximum amount provided for by G. L. (Ter. Ed.) c. 152, § 34, as amended, had been paid. There is no evidence to show that that incapacity has lessened or diminished. It still continues. The permanency of such incapacity was described as an end result by one of the physicians. There was evidence that, after compensation payable under § 34 of the act had ceased, the employee sought work at several places but was refused, it could be inferred, because of the condition of his hand. The single member pointed out in his decision that total and permanent incapacity is shown if the disability prevents an employee from performing remunerative work of a substantial and not merely of a trifling character. He also pointed out that the earning capacity of one who is unable to obtain employment because of visible results of an injury may be as much impaired as if he were physically disabled to the extent that he could do no work. The single member found "that the employee is permanently and totally disabled under the provisions of § 34A of the act." The reviewing board on consideration of all the evidence adopted and affirmed the findings and decision of the single member and in addition found that the injury of the employee was permanent and his incapacity is total. The board in coming to its general conclusion had a right and a duty to consider the effect which the appearance of his hand had on his attempts to secure work, *Fennell's Case*, 289 Mass. 89, and also the extent of his physical ability to do work in determining the impairment of his earning capacity. That was a question of fact. The finding of the board that the employee was permanently and totally incapacitated was supported by the

evidence which "shows that the employee's disability is such that it prevents him from performing remunerative work of a substantial and not merely trifling character, and regard must be had to the age, experience, training and capabilities of the employee." *Frennier's Case*, 318 Mass. 635, 639, and cases cited. See *Demetre's Case*, 322 Mass. 95. Compare *Hummer's Case*, 317 Mass. 617; *Amello's Case*, 320 Mass. 347.

The board denied the insurer's motion to recommit the case to the single member to introduce evidence contradicting the testimony of the employee as to his efforts to secure work. The statute, G. L. (Ter. Ed.) c. 152, § 10, as appearing in St. 1947, c. 546, provides as follows: "No party shall as of right be entitled to a second hearing upon questions of fact." The introduction of new evidence is a matter of discretion and where, as here, no abuse of discretion is shown, there was no error in denying the motion. *Doherty's Case*, 222 Mass. 98. *Devine's Case*, 236 Mass. 588, 595. *Lopes's Case*, 277 Mass. 581, 585.

A motion presented by the insurer to this court to recommit the case to the board to hear evidence that the employee was working between May 20, 1951, and October 6, 1951, cannot be considered. The motion was presented a considerable time after the decision of the board and after the entry of the decree in the Superior Court. That decree was entered in accordance with the decision of the board, G. L. (Ter. Ed.) c. 152, § 11, as amended; *Willand's Case*, 321 Mass. 677, and is now found to be free from error. The insurer is not entitled to a recommittal at this stage of the proceedings. *Komar's Case*, 293 Mass. 405. The insurer has an adequate remedy. It is the exclusive function of the board under G. L. (Ter. Ed.) c. 152, §§ 12, 34, 34A, 35, 35A, to determine whether there have occurred any changes in the extent of an employee's incapacity and to make corresponding changes in the award of compensation. "'No time is fixed for making such change. It may be done after even a brief interval,' and ex parte. *Shershun's Case*, 286 Mass. 379, 381." *Mozetski's Case*, 299 Mass. 370, 372. *Kares-*

*ke's Case,* 250 Mass. 220, 224.  *Vass's Case,* 319 Mass. 297, 299.

Costs under G. L. (Ter. Ed.) c. 152, § 11A, as inserted by St. 1945, c. 444, and as amended by St. 1949, c. 372, shall be allowed by the single justice.

*Decree affirmed.*