FRED P. CARMODY'S CASE.

Middlesex.   October 6, 1955. — November 29, 1955.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & COUNIHAN, JJ.

*Workmen's Compensation Act,* Incapacity, Findings by Industrial Accident
   Board. *Res Judicata.*

Under G. L. (Ter. Ed.) c. 152, § 12, as amended by St. 1932, c. 117, a
   decision by the Industrial Accident Board in a workmen's compensa-
   tion case whereby the board found that the employee was totally in-
   capacitated for a short time by a knee injury arising out of and in the
   course of his employment but that a disabling skin condition later
   appearing was not causally related to the knee injury, and expressly
   reserved his rights, left it open to the board subsequently to find on
   new medical evidence that the skin condition was causally related to
   the knee injury and to award him further compensation claimed for
   incapacity due to that condition since the earlier decision.

CERTIFICATION to the Superior Court of a decision by the
Industrial Accident Board under the workmen's compensa-
tion act.

The case was heard by *Morton,* J.

*Patrick F. Plunkett,* for the claimant.

*Francis X. Burns,* for the insurer.

WILKINS, J.   The employee appeals from a decree of the
Superior Court denying his claim for further compensation.
The question for decision is whether the employee is barred
because of a previous decision of the Industrial Accident
Board.

The employee's original claim for compensation set forth
an injury on July 15, 1952, consisting of "a soreness in left
knee developed due to the striking against cement block
with a puncture wound of same, resulting in a swelling of
ankle and of rash breaking out on both legs at a later date
extending over entire body." On April 21, 1953, the single
member filed a decision, and found that on July 15 the em-

ployee sustained an injury to his kneecap arising out of and in the course of his employment; that he was totally disabled from July 15 to July 24; but that "the disability the employee suffered from August 11, 1952, on was not causally related to an injury sustained on July 15, nor does it constitute an injury arising out of and in the course of his employment." The reviewing board adopted the findings and decision of the single member, but expressly reserved the employee's rights from and after the date of the single member's decision. There was no certification to the Superior Court.

On July 7, 1954, there was a hearing before the single member on the employee's claim that he had been further totally incapacitated from earning since April 21, 1953, as a result of his compensable industrial injury of July 15, 1952. On August 18, 1954, the single member filed a decision in which he ruled that the reservation of rights related only to any subsequent incapacity causally related to the left knee injury, and stated: "New medical opinion is convincing of the fact that the injection of penicillin between July 15 and July 19 for the knee injury directly resulted in a delayed manifestation of a sensitized skin rash not diagnosed at the earlier hearing before me. The evidence now is clear that there is a causal relation between the employee's incapacity, not only since April 21, 1953, but in fact since August 11, 1952, and his knee injury of July 15, 1952. Since the skin condition which now disables the employee is the same rash which existed on August 11, 1952, I feel that I am without power to alter my finding previously made of no causal connection of that condition to the injury of July 15, 1952; more so, because that particular finding was affirmed by the reviewing board and, no doubt, it is to this finding that the insurer's defence of res adjudicata is raised. Did I have the power to make a contrary finding at this time I would make a finding that the employee's incapacity since April 21, 1953, is causally related to his injury of July 15, 1952. . . . I am constrained to dismiss the present claim for further compensation."

General Laws (Ter. Ed.) c. 152, § 12, as amended by St. 1932, c. 117, provides: "When in any case before the board . . . there appears of record a finding that the employee is entitled to compensation, no subsequent finding by the board or by a member thereof discontinuing compensation on the ground that the employee's incapacity has ceased shall be considered final as a matter of fact or res judicata as a matter of law, and such employee . . . may have further hearings as to whether his incapacity . . . is . . . the result of the injuries for which he received compensation . . . ."

From the single member's later findings we learn that his earlier decision, ascribing the trouble with the employee's kneecap to the injury of July 15, 1952, erred in not also ascribing the rash to that injury. But the earlier finding nevertheless was that the employee was entitled to some compensation. We, therefore, think that the reservation of rights was effective to allow an order for compensation for later disability due to that injury notwithstanding the fact that as part of the same order compensation was denied for the period during which the employee suffered only from the rash. Whether or not the latter part of the order be regarded as based on a "subsequent finding," there was, in substance, a finding that the employee's incapacity due to the injury of July 15, 1952, had ceased. Keeping in sight the statutory purpose, we consider the fact inconsequential that the single member's decision as to the rash part of the disability was phrased, in form, as a finding of no causal relationship to the injury of July 15, 1952. The case falls within familiar principles. *Casieri's Case*, 286 Mass. 50, 53. *Mozetski's Case*, 299 Mass. 370. *Falcione's Case*, 305 Mass. 433, 435. The injury is the same. The issue is the extent of the disability caused by that injury which is kept open by the reservation of rights. The precise question before us is the employee's claim that he has been incapacitated since April 21, 1953.

The single member's ruling in his later decision that the reservation of rights embraced only subsequent incapacity

causally related to the knee injury, while literally correct, becomes erroneous when construed to exclude disability due to the rash, which was, in turn, causally related to the knee injury.

The decree of the Superior Court is reversed, and the case remanded to the Industrial Accident Board for proceedings not inconsistent with this opinion.

*So ordered.*