WILLIAM M. COREY'S CASE.

Suffolk.    May 6, 1957. — June 4, 1957.

Present: WILKINS, C.J., RONAN, WILLIAMS, WHITTEMORE, & CUTTER, JJ.

*Workmen's Compensation Act,* Incapacity; Procedure: jurisdiction of Superior Court.

In a workmen's compensation case in which the nature of the employee's injury was not in doubt, but there was no evidence of any period of compensable incapacity resulting therefrom, there was no error in a refusal by the Industrial Accident Board to hear additional medical testimony respecting the nature of the injury.   [173–174]

Upon certification of a decision by the Industrial Accident Board in a workmen's compensation case denying the claim on the ground that there was "no evidence . . . warranting a finding of any period of compensable disability in regard to" an injury suffered by the employee, the Superior Court had no power to make a finding that there was a period of compensable disability, and a decree awarding compensation must be reversed.   [174]

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the workmen's compensation act.

The case was heard by *Dewing,* J.

*Orie D. Ouellette,* for the insurer.

*William Lender,* for the claimant.

RONAN, J.   This is an appeal from a final decree of the Superior Court awarding compensation under the workmen's compensation law.

The single member found that the employee, the operator of a truck for a freight forwarder, sustained back injuries on July 16, 1947, January 10, 1951, and July 14, 1954, which arose out of and in the course of his employment, and that at the time of medical examinations of the employee he was working despite obvious difficulty, but that "There was no medical evidence presented to warrant finding as to any period of compensable disability in regard to any of the back

injuries suffered; I am therefore constrained to deny the
employee's claim for incapacity compensation in connection
therewith." He reserved the case for future consideration.

On review the board changed the first part of the sentence
quoted to read as follows: "There was no evidence presented
warranting a finding of any period of compensable disability
in regard to any of the back injuries suffered." Otherwise
it affirmed and adopted the findings and decision of the single
member. The board refused to hear the testimony of two
physicians as to the nature of the employee's back injuries.
The Superior Court ordered an award to be paid to the em-
ployee, having on its own accord found him to have been
disabled for more than a week.

The insurer waived notice and claim.

A back strain arising out of and in the course of employ-
ment has frequently been held to be an injury within the
workmen's compensation act, *Brzozowski's Case*, 328 Mass.
113, *McManus's Case*, 328 Mass. 171, *Franklin's Case*, 333
Mass. 236, and becomes a compensable injury if it results
in incapacity which need not be continuous but may be
irregular, if it exists for more than a week. See *Paterno's
Case*, 266 Mass. 323, 326; *Anderson's Case*, 288 Mass. 96;
*Falcione's Case*, 305 Mass. 433; *Vass's Case*, 319 Mass. 297,
300. G. L. (Ter. Ed.) c. 152, § 29, as appearing in St. 1937,
c. 382, as amended. The case was reserved not because the
employee did not prove that his injuries were causally re-
lated to his employment but because he did not prove that
they had resulted in disability for the prescribed period of a
week as required by § 29, and to see if the injury would
develop or become aggravated in the performance of his
duties and lead to definite partial or permanent disability
sufficient to prevent him from earning wages. *Falcione's
Case*, 305 Mass. 433. *Amon's Case*, 315 Mass. 210, 216.
*Hummer's Case*, 317 Mass. 617, 620–621. *Carmody's Case*,
333 Mass. 249, 251.

There was no error in the refusal of the board to hear
additional medical testimony showing the nature of the em-
ployee's injury. There seems to be no doubt as to the in-

jury but the only question was the duration and extent of the incapacity. Furthermore, the hearing of additional testimony is a matter wholly within the discretion of the board especially where the testimony related to the nature of the injury rather than to its extent. *Gramolini's Case,* 328 Mass. 86, 89.

The decree of the Superior Court awarding compensation was erroneous and must be reversed. There was nothing in the report of the reviewing board that would justify an award. The only duty of the Superior Court was to grant the decree required by the facts found by the board. The finding of facts was the exclusive function of the board. *Filosa's Case,* 295 Mass. 592, 596. *Willand's Case,* 321 Mass. 677, 678. *Lambert's Case,* 325 Mass. 516, 518. *Gramolini's Case,* 328 Mass. 86, 89.

The decree is reversed and in accordance with the reservation the case, for reasons above mentioned, is remanded to the Industrial Accident Board for further proceedings not inconsistent with this opinion.

*So ordered.*