## DAVID WENTWORTH'S CASE.

Hampden.    October 24, 1933. — November 28, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & LUMMUS.

*Workmen's Compensation Act*, Injuries to which act applies, Partial incapacity. *Proximate Cause.*

Evidence, at hearings before the Industrial Accident Board in 1932 in proceedings under the workmen's compensation act, warranted findings that the employee, who had been paid compensation in December, 1929, for total incapacity resulting from dermatitis contracted while at work from constant contact with oil, and then had worked again until October, 1930, after which he had not worked except for occasional short periods for another employer, was partially incapacitated by a personal injury by reason of a continuance of the original dermatitis, and that a further outbreak of dermatitis occurring when he was exposed to contact with oil while working for the second em-

ployer did not constitute a distinct injury which was an independent intervening cause for his incapacity, but was causally connected with the original injury sustained in 1929; and an award of compensation for partial incapacity, to be paid by the insurer of the first employer, was proper.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board awarding compensation.

Material evidence and findings by the board are stated in the opinion. By order of *Dillon*, J., there was entered a decree in accordance with the board's decision. The insurer appealed.

The case was submitted on briefs.

*S. S. Bean & E. W. Sawyer*, for the insurer.

*R. J. Talbot & G. D. Meaney*, for the claimant.

CROSBY, J. This employee's claim for compensation, based upon industrial poisoning and causally related dermatitis, was filed by the employer December 3, 1929; the date of injury was given "Started Nov. 29, 1929"; the occurrence of the injury is described, "Drs. claim this injury to a sliver received in September 28, 1927. The infection of today is due what Drs. claim Dermatitis"; and the nature of the injury is stated to be, "Face and hands; skin troubles."

The employee began work March 3, 1927, and his first attack of dermatitis was on December 11, 1928. The attack for which he was paid compensation was November 29, 1929. An agreement for compensation was entered into by which the employee was paid for total disability at the rate of $18 a week from December 5, 1929, to December 22, 1929. The agreement recites that the average weekly wages are in excess of $27. The agreement was affirmed by the Industrial Accident Board on January 30, 1930, and states that the employee returned to work and worked until October 4, 1930. The questions before the single member are stated by him to be: "Incapacity subsequent to October 4, 1930. Average weekly wages." A hearing was had before the single member on February 9, 1932. It was agreed that the employee returned to work Decem-

ber 22, 1929, and worked until October 4, 1930. It is the contention of the insurer that further compensation cannot properly be allowed on the ground that the incapacity subsequent to October 4, 1930, is not due to the original injury. The single member on April 28, 1932, filed the following decision: "I find, upon all the evidence, that this employee's dermatitis, or skin condition, due to a personal injury received in the course of and arising out of his employment as agreed to by the parties and as shown by agreements in regard to compensation filed with and approved by the board, still continues, and that this condition partially incapacitates the employee for work. I find that since October 4, 1930, the employee has been partially incapacitated for work and able to earn an average weekly wage of $20. I find, upon the agreement of the parties that the employee's average weekly wages before his injury were $31.20, and that the employee is entitled to partial compensation at the rate of $7.47 a week, dating from October 4, 1930, and continuing subject to the provisions of the act, the sum due to February 9, 1932, the date of this hearing, being $525.03." The reviewing board, upon all the evidence, affirmed and adopted the findings of the single member and awarded compensation for partial incapacity at the rate of $7.47 a week to July 21, 1932, and continuing subject to the provisions of the act. Thereafter a decree was entered in the Superior Court in accordance with the decision of the reviewing board.

At the hearing before the single member the employee testified that in November, 1929, he was working for the Van Norman Machine Tool Company as a millwright and "did welding, piping, belting and all the welding, practically everything." He stopped working in November, 1929, because of a skin condition and was paid compensation until December 22, 1929, when he returned to work and continued his work until he was laid off on October 4, 1930. During this time his hands would become "swollen and itchy," and bothered him all the time, and have been in the same condition since October 4, 1930. He has done some work since October 4, 1930. He worked for the

Phelan Barrel Company off and on; he worked there about three weeks and received forty cents an hour, but did not work a whole week at any time for that company, but worked there altogether about three weeks. Some days he was unable to work because of the condition of his arms and hands. At the hearing he showed his arms and hands to the commissioner and counsel. The commissioner stated that there appeared to be skin lesions or blotches on the backs of the wrists and arms extending up the forearm to the elbow. The employee further testified that the work which he did for the Van Norman Machine Tool Company consisted of oiling machines, welding and piping. When oiling the machinery, oil would get on his face, arms and hands. When he quit work his face was all right but his arms and hands were quite sore; at one time his face was swollen and on account of it he did not sleep for three days and nights. When he worked for the Phelan Barrel Company he did not handle any oil and always wore gloves, but when he painted and handled oil barrels some of the oil would get through his gloves. He further testified that he could do other work but could not work continuously for more than two or three weeks or a month; that he did not look for work at any place because he would be unable to' pass an examination; and that it is not because of the business depression he is not working.

Dr. Albert W. Ghoreyeb testified that he examined the employee on January 26, 1932, and found the dermatitis of the skin extending up above the elbows and around the back of the hands and fingers; that it was more or less of a chronic condition caused by some external irritant, which he presumed was the oil the employee said he had used; that some people are susceptible to such poisoning; that the employee's field of usefulness is limited because of the condition of his skin, which seems to have been made sensitive on account of the dermatitis.

Dr. Thomas E. Cavanaugh, the impartial physician, reported as follows: "He presents at this time a dermatitis involving the entire dorsa of both hands, the anterior surfaces of the wrists, and the anterior and posterior surfaces

of the forearms. The face and the anterior and lateral surfaces of the neck are involved to a lesser degree. This eruption is very itchy and has persisted for over four years. During this period his work as millwright has brought him constantly in contact with oil. He says there have been intervals of improvement when he was not working, but that his arms have never been perfectly healed. During the past three months he has been employed by the Phelan Barrel Company at which concern his work consisted of washing oily barrels and running a machine. For the nine months preceding this period he worked at piping. He attributes the cause of his trouble to contact with oil; and offers, by way of substantiation, that the only time that he has had any relief was when he had discontinued work for a short period. CONCLUSIONS: — I am satisfied that it is not a Dermatitis Factitia. His dermatitis is due to some external irritant; whether this irritant is the oil or some other substance with which he has come in contact at his work, I have no way of knowing. It is my opinion, however, that the oil contact could be responsible for his present condition and that at the present time he is incapacitated for work that would bring him in contact with any irritating substance."

It could be found upon the foregoing evidence that since October 4, 1930, the employee has been partially incapacitated for work, and that such incapacity is the result of poisoning due to his constant contact with oil in the performance of his work; that the condition of industrial dermatitis, after having been first contracted, has still continued since October 4, 1930, and was not materially affected by his subsequent employment elsewhere. The testimony was sufficient to support the finding of the board that the employee was partially incapacitated by reason of a personal injury.

This court has held that simple disease resulting from employment affords no ground for recovery under the workmen's compensation act. *Sullivan's Case*, 265 Mass. 497, 499. In that case it was said "The 'personal injury' for which alone compensation is payable under G. L. c. 152,

§ 26, might have been found to be due to physical deterioration flowing immediately from corporeal collision with a foreign substance set in motion by the business of the employer performed by the employee by virtue of his contract for service." See also *Hurle's Case*, 217 Mass. 223; *McPhee's Case*, 222 Mass. 1; *Doherty's Case*, 222 Mass. 98; *Pimental's Case*, 235 Mass. 598, 602; *O'Donnell's Case*, 237 Mass. 164.

The testimony warranted a finding that the original condition of dermatitis from which the employee suffered before October 4, 1930, had not entirely disappeared, but still continued after that date, and that the subsequent exposure to oil when he worked for the Phelan Barrel Company did not result in a distinct injury which constituted an independent intervening cause for his incapacity. It was a question of fact on all the evidence whether the return of the dermatitis had a causal connection with the original injury. *Hartnett* v. *Tripp*, 231 Mass. 382. *Gaglione's Case*, 241 Mass. 42. It could have been found that a subsequent exposure to oil after October 4, 1930, resulted in a condition due to the original injury, from which he still suffered. Dr. Ghoreyeb testified, in substance, that by the subsequent washing of barrels the oil aggravated a previous condition, and if the employee's hands and skin had been normal he probably would not have had a return of dermatitis. There was no evidence tending to show that when the employee went to work for the Phelan Barrel Company there would be any danger from further exposure. The reported testimony warranted a finding that the second outbreak of dermatitis was causally connected with the original injury sustained in 1929. *Willis's Case*, 245 Mass. 244, 248, 249, and *Panagotopulos's Case*, 276 Mass. 600, are distinguishable in their facts from the case at bar. See *Corey's Case* and *Maloof's Case*, 276 Mass. 610.

Since the evidence warranted the finding of the single member and the reviewing board that the employee is entitled to partial compensation from October 4, 1930, the entry must be

*Decree affirmed.*