## JOSEPH McCANN'S CASE.

Suffolk.    April 2, 1934. — May 28, 1934.

Present: RUGG, C.J., PIERCE, FIELD, DONAHUE, & LUMMUS, JJ.

*Workmen's Compensation Act,* Injuries to which act applies, Continuing
injury, Extent of disability.   *Proximate Cause.*

An employee, who sustained a personal injury in the form of dermatitis
in September, received compensation under the workmen's compensa-
tion act, and in the following April returned to work for the same
employer, remaining until June, when he was told that because of the
condition of his hands he could not work longer.   At the hearing of an
application for compensation by reason of his condition since June,
there was evidence that, although the eruption of the previous year
"had cleared up," the "skin had never returned to normal," and that
his condition in June was a recurrence of that of the previous Septem-
ber;  and the Industrial Accident Board so found.   On appeal from a
decree of the Superior Court awarding compensation, it was *held,* that
    (1) There being evidence warranting the finding by the board, it
must stand;
    (2) The return of the employee to work under substantially the same
conditions as those existing at the time of his original injury could not
be said as a matter of law to have been such a voluntary act on his part
as to break the causal connection between his original injury and the
recurrence of the dermatitis;  whether it was so broken or not was a
question of fact.
In the case above described, the final decree awarded compensation as for
total disability since June, although the only evidence as to the extent
of disability at the time of the hearing was testimony by the employee
that his hands still bothered him and that he had not worked since
June, and testimony by his physician that in the preceding February
he had advised the employee to get out of that type of work, that he
"could do work other than placing his hands in soapy solutions, — all
the time while he had this eruption he could work and it is now possible
for him to work.   He would advise his doing work other than that
requiring him to place his hands in water."   *Held,* that
    (1) The evidence, while it warranted a finding of total disability
as to the particular employment, did not warrant a finding of total
disability as to employment in general;
    (2) The decree must be reversed and the case recommitted to the
board for further hearings on the question of disability.

CERTIFICATION to the Superior Court in proceedings
under the workmen's compensation act of a decision by
the Industrial Accident Board awarding compensation.

The record as certified showed that it was agreed before the single member of the board that the average weekly wages of the claimant were $23.17. The findings by the single member and the decision by the board were that compensation should be awarded from June 14, 1933, at the rate of $15.45 per week. Other material facts appearing are described in the opinion.

In the Superior Court, a final decree was entered by order of *W. A. Burns*, J., awarding compensation in accordance with the decision by the board. The insurer London Guarantee & Accident Company, Limited, appealed.

*J. Z. Doherty*, for London Guarantee & Accident Company, Limited.

*J. J. MacCarthy & J. W. Ceaty*, for United States Fidelity & Guaranty Company.

*H. D. Donohue*, for the claimant.

RUGG, C.J. The employee sustained a personal injury in September, 1932, arising out of and in the course of his employment, and was paid compensation by the London Guarantee & Accident Company, Limited, the insurer of his employer at that time. He returned to work for the same employer on April 12, 1933, and continued until June 14, 1933, when he was told that because of the condition of his hands he could not work longer. The original injury was dermatitis. During the period of his second employment the United States Fidelity & Guaranty Company insured his employer. The questions heard before the single member and by the Industrial Accident Board on review were (1) whether the employee sustained an injury arising out of and in the course of his employment on June 14, 1933; (2) whether the disability, if any, since June 14, 1933, was due to the injury sustained on that date or was "a continuation or recurrence of his original injury of September 3, 1932"; (3) present disability.

There was evidence which need not be narrated to support the finding that the old injury recurred on June 14, 1933, and that there was no new injury on that date. The physician of the employee testified at the hearing held on October 2, 1933, that during the time he saw the employee from

November 5, 1932, "until the very present moment when he just showed his hands now, they have not returned to normal. The eruption of November, 1932, had cleared up, but the skin had never returned to normal." In answer to the question whether he had an opinion at the time of his examination in June, 1933, that his "condition was a continuation or recurrence of the condition he was treating him for previously or a new condition" he stated that "it was a recurrence."

It is a familiar principle of the workmen's compensation law that the finding of the board must stand if supported by any evidence. We cannot weigh conflicting evidence or determine the facts. We are of opinion that the finding that the injury suffered on June 14, 1933, was a recurrence of the original injury and not a new one was warranted by the evidence. The case falls within the class illustrated by *Gaglione's Case*, 241 Mass. 42, *Corey's Case*, 276 Mass. 610, and *Wentworth's Case*, 284 Mass. 479, and is distinguishable from *Panagotopulos's Case*, 276 Mass. 600, and *Maloof's Case*, 276 Mass. 610.

It cannot be said as matter of law that the return of the employee to work under substantially the same conditions as those existing at first was such a voluntary act on his part as to break the line of causation flowing from his original injury. Whether that was so was a question of fact. *Wentworth's Case*, 284 Mass. 479.

The third question stated by the single member is "present disability," that is, disability as of October 2, 1933. The only testimony bearing on that point was that of the employee who said that his hands "still bother him" and that he had not "worked since June 14, 1933." His physician testified that in February, 1933, he advised the employee to get out of that type of work; that he "could do work other than placing his hands in soapy solutions, — all the time while he had this eruption he could work and it is now possible for him to work. He would advise his doing work other than that requiring him to place his hands in water." All this testimony did not warrant a finding of total disability after June 14, 1933. It warranted

a finding of disability as to the particular employment but not as to employment in general. It was the duty of the employee to try to get other work. It is not found whether the disability was due to the injury or to other causes for which the insurer would not be liable. *Manley's Case,* 282 Mass. 38. It appeared that in April and May, 1932, he worked for the city. The insurer has argued this point and it is open on the record.

The result is that the findings as to disability arising on June 14, 1933, from the original injury must stand. The decree, however, must be reversed and the case recommitted to the Industrial Accident Board for further hearing on the question of total disability.

*So ordered.*