VENUSTO FALCIONE'S CASE.

Suffolk.     January 3, 1940. — March 25, 1940.

Present: FIELD, C.J., QUA, DOLAN, COX, & RONAN, JJ.

*Workmen's Compensation Act*, Time of injury. *Proximate Cause.*

Evidence warranted a finding by the Industrial Accident Board that a severe back strain previously suffered by an employee was the cause of disability occurring when he lifted a heavy object eighteen months later although there was a period of over thirteen months of nondisability preceding the later occurrence.

CERTIFICATION of a decision by the Industrial Accident Board.

In the Superior Court, a decree was entered by order of *T. J. Hammond*, J., in accordance with the board's decision. The insurer Great American Indemnity Company appealed.

*E. R. Langenbach*, for Great American Indemnity Company.

*A. Santosuosso & A. R. DeSimone*, for the claimant, submitted a brief.

RONAN, J. The question on this appeal is whether there was error in the finding of the Industrial Accident Board that the employee's incapacity from and after August 18, 1938, was caused by a compensable injury which he sustained on February 21, 1937.

The employee, whose occupation was a kitchen helper in a hotel, suffered a low back strain when he lifted a heavy pot off a stove on September 5, 1930; he was paid compensation until February 8, 1931. He again strained his back on October 26, 1933, and received compensation until December 18, 1933. He slipped upon the floor of the hotel kitchen on September 10, 1936, spraining his back, and his claim for compensation was settled by a lump sum payment. He again strained his back on February 21, 1937, while lifting a pot from a stove, and was awarded compensation to July 7, 1937, by a decision of a single member which was affirmed by the board. At a hearing on December 7, 1937, the single member found that the employee had failed to prove disability after July 7, 1937, resulting from the accident of February 21, 1937, and reserved the employee's rights under G. L. (Ter. Ed.) c. 152, § 12, as amended by St. 1932, c. 117, § 1. This finding was affirmed by the board.

The employee secured employment as a kitchen helper for a new employer on July 8, 1938, and continued there until August 18, 1938; he then quit his employment on account of a back strain sustained while lifting a heavy pot. He was given a hearing in accordance with G. L. (Ter. Ed.) c. 152, § 12, as amended, and the single member found that the employee had not shown that he was disabled prior to August 18, 1938, on account of his injury of February 21,

1937, but that since August 18, 1938, he was partially incapacitated on account of the injury of February 21, 1937, and awarded him compensation. This finding was affirmed by the reviewing board. After the case had been recommitted by the Superior Court, the full board found that the employee's incapacity subsequent to August 18, 1938, was the result of the injury received on February 21, 1937. The insurer appealed from a decree awarding compensation.

The employee had received a compensable injury on February 21, 1937, and he was entitled to receive further compensation by showing that his subsequent incapacity since August 18, 1938, was due to this injury, *Gustafson's Case*, 303 Mass. 397, and he was not precluded from securing such compensation by a previous finding of the board that he suffered no incapacity from this injury after July 7, 1937, as his rights had been reserved under G. L. (Ter. Ed.) c. 152, § 12, as amended, which authorized the board or a single member to modify previous orders for compensation and to make such further orders for compensation as were warranted by the condition of the employee resulting from the previous injury. *MacKinnon's Case*, 286 Mass. 37. *Mozetski's Case*, 299 Mass. 370. Where an employee like the claimant has suffered a series of compensable injuries, he has a right to be paid compensation by the insurer on the risk at the time of the most recent injury shown to have a causal connection with his present incapacity. *Evans's Case*, 299 Mass. 435.

Whether the incapacity was caused by some one of the previous injuries or by a new injury from which incapacity immediately ensued, or originated from some intervening source independent of an injury, was a question of fact for the determination of the board. *Panagotopulos's Case*, 276 Mass. 600. *Wentworth's Case*, 284 Mass. 479. *Crowley's Case*, 287 Mass. 367.

The employee was injured on September 10, 1936, but there was evidence that after a period of convalescence he fully recovered and again engaged in his usual occupation. On February 21, 1937, while attempting to remove a pot weighing from sixty-five to seventy pounds from a stove to

a steam table in a hotel kitchen, he experienced such a severe strain in the back that he was unable to move for some time. He was assisted by another employee who helped him to change his clothes and his shoes as he could not bend his back. The employee then went home. He was attended by a physician and received treatment at a hospital. He tried to do a little work about his home but he was unable to do so. The report of an impartial physician on June 7, 1937, disclosed that the employee was suffering from a lumbosacral strain which was secondary to faulty posture and to a congenital anomaly of the spine resulting from the failure of fusion of the first sacral spinous process. It was the opinion of this physician that the faulty posture and congenital anomaly were adequate to explain the repeated attacks of low back strain that the employee had sustained. In November, 1937, he again attempted to work but after three days he was compelled to quit on account of his back. He again went to work on July 8, 1938, as a helper in a restaurant, where he worked until August 18, 1938. His work required him to lift once or twice a day pots weighing about fifty pounds. He testified that he began to have a pain in his back the day he started to work; that he experienced a pain on the second day and also after he had worked for a couple of hours on the third; that after he lifted a pot on August 18, 1938, he left his employment because he was no longer able to work; and that while working at the restaurant it was necessary to have his back treated every night. There was medical testimony that the employee had marked arthritis of the spine; that he had sustained a rather severe back sprain from which he had never recovered; that he showed marked evidence of a chronic low back sprain; and that the lifting on August 18, 1938, did not injure his back but that it aggravated a condition from which he had never recovered. There was medical testimony to the contrary.

Upon the evidence it could have been found that the employee had not recovered from the condition of his back that resulted from the injury of February 21, 1937. The testimony warranted a finding that such lifting as he did

during his employment from July 8, 1938, to August 18, 1938, did not result in a distinct injury which constituted an independent intervening cause for his incapacity, but that the back strain he experienced during this period of employment was due to a previous condition of his back, caused by the injury of February 21, 1937. In other words, it could have been found that the employee would not have sustained any incapacity to labor on and after August 18, 1938, if he had not then been suffering from the effects of the injury he received on February 21, 1937. *Wentworth's Case,* 284 Mass. 479. *McCann's Case,* 286 Mass. 541. *Davis's Case,* 304 Mass. 530.

Since the evidence warranted the finding of the single member and the reviewing board that the employee was entitled to partial compensation from August 18, 1938, the entry must be

*Decree affirmed.*