## ANNA SYLVIA'S CASE.

Suffolk.   February 1, 2, 1943. — February 24, 1943.

Present: FIELD, C.J., LUMMUS, DOLAN, COX, & RONAN, JJ.

*Workmen's Compensation Act,* What insurer liable; Industrial disease referees; Procedure: proceeding against more than one insurer, appeal. *Proximate Cause.*

A proceeding under the workmen's compensation act upon a claim raising an issue as to which of successive insurers should pay the compensation is brought before this court as an entirety upon an appeal by any party.

A finding by industrial disease referees that a claimant under the workmen's compensation act had had a dermatitis "three years ago" which had "recurred again" on a later date when a new insurer was covering the risk, warranted a finding by the Industrial Accident Board that the claimant had not sustained "a new injury" on the later date "but suffered a recurrence of the dermatitis . . . originally contracted," and the insurer covering the risk at the time of the original injury was chargeable with the compensation.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board.

In the Superior Court, the case was heard by *Fosdick,* J.

*W. F. Regan,* for the claimant.

*E. E. Andrews,* for Lumbermens Mutual Casualty Company.

*W. I. Badger, Jr.,* (*S. F. Hyland & W. G. Day* with him,) for The Travelers Insurance Company.

LUMMUS, J.   The employee worked at seasoning leather, using wooden swabs wet with chemicals.   On December 19, 1938, she suffered a dermatitis caused by her work. She was paid compensation by The Travelers Insurance Company, the then insurer, until April 4, 1939.   Again in February, 1941, she suffered a similar disability for which the same company paid compensation through May 12, 1941.   She did not return to work again until September 30, 1941, and then after working two days she was disabled again from the same cause.   She has not worked since.   At the time of the last attack the Lumber-

mens Mutual Casualty Company was the insurer. The only question is, which insurer is liable to pay compensation?

A board of industrial disease referees was appointed under G. L. (Ter. Ed.) c. 152, § 9B, inserted by St. 1935, c. 424, and amended by St. 1938, c. 462. It is provided that their report "shall be binding on the parties," and it appears from *Latorre's Case*, 302 Mass. 24, 27, that their report "is given high evidentiary value by the statute," to say the least. That board reported that "this employee had a dermatitis three years ago which recurred again about August, 1940, and again in September, 1941." The single member found that the employee "on September 30 and on October 1, 1941, did not sustain a new injury but suffered a recurrence of the dermatitis that she originally contacted [contracted?] on December 19, 1938." It is evident that the single member used the word recurrence as distinguished from a new injury. This finding was warranted by the report of the industrial disease referees, which could be interpreted in this way. This distinguishes the present case from *Panagotopulos's Case*, 276 Mass. 600, 606. The Travelers Insurance Company, which covered the risk at the time of the 1938 injury, was ordered to pay compensation. The reviewing board affirmed and adopted the decision of the single member, and ordered The Travelers Insurance Company to pay compensation. But the Superior Court entered a decree reciting that the evidence did not warrant a finding that the disability resulted from injuries received on December 19, 1938, and February 3, 1941, and dismissed the claim against The Travelers Insurance Company, remanding the case to the Industrial Accident Board for further action. The employee and the Lumbermens Mutual Casualty Company appealed.

For the same disability only one insurer can be charged. *Donahue's Case*, 290 Mass. 239. Where there are several successive insurers, the one chargeable with the whole compensation is the one covering the risk at the time of the most recent injury that bears a causal relation to the disability. *Borstel's Case*, 307 Mass. 24. *Blanco's Case*,

308 Mass. 574, 577, 578. The proceedings against both or all the insurers constitute a single proceeding, which is brought as an entirety before this court on the appeal of any party. *Borstel's Case,* 307 Mass. 24, 27.

The report of the board of industrial disease referees warranted the finding of the single member and the reviewing board that the disability was the result, not of a new injury, but of an old one. The Superior Court had no power to reverse that finding. The decree is reversed, and a new decree is to be entered, ordering The Travelers Insurance Company to pay compensation, and dismissing the claim against the Lumbermens Mutual Casualty Company.

*Ordered accordingly.*