BETTY SMITH *vs.* RAPID TRANSIT INC.

Suffolk.    October 3, 1944. — January 4, 1945.

Present: FIELD, C.J., LUMMUS, QUA, RONAN, & SPALDING, JJ.

*Motor Vehicle*, Ownership.   *Personal Property*, Ownership.

The mere facts, that a defendant had the sole franchise for operating a
bus line on a certain street and that according to the defendant's run-
ning schedule one of his buses might have been on that street at about
the time when a bus caused injury to the plaintiff's automobile there,
did not warrant a finding that the bus causing the injury was owned
by the defendant.

TORT.   Writ in the Municipal Court of the City of Bos-
ton dated May 13, 1943.

Upon removal to the Superior Court, the action was tried
before *Buttrick*, J.

*H. L. Barrett*, for the plaintiff.

*W. I. Badger, Jr.*, for the defendant.

SPALDING, J.   The decisive question in this case is
whether there was evidence for the jury that the plaintiff
was injured by a bus of the defendant that was operated by
one of its employees in the course of his employment.   If
there was, the defendant concedes that the evidence war-
ranted the submission to the jury of the question of the
operator's negligence in the management of the bus.   The
case is here on the plaintiff's exception to the direction of a
verdict for the defendant.

These facts could have been found:   While the plaintiff
at about 1:00 A.M. on February 6, 1941, was driving an
automobile on Main Street, Winthrop, in an easterly direc-
tion toward Winthrop Highlands, she observed a bus com-
ing toward her which she described as a "great big, long,
wide affair."   The bus, which was proceeding at about forty
miles an hour, "forced her to turn to the right," and her
automobile collided with a "parked car."   The plaintiff
was coming from Dorchester.   The department of public

utilities had issued a certificate of public convenience or necessity to the defendant for three routes in Winthrop, one of which included Main Street,[1] and this was in effect in February, 1941. "There was another bus line in operation in Winthrop at that time but not on Main Street." According to the defendant's time-table, buses were scheduled to leave Winthrop Highlands for Maverick Square via Main Street at 12:10 A.M., 12:45 A.M., 1:15 A.M., and 2:15 A.M. The running time for this trip at that time of night was thirty minutes.

The direction of a verdict for the defendant was right. The ownership of the bus was a matter of conjecture. While the defendant had the sole franchise for operating a bus line on Main Street, Winthrop, this did not preclude private or chartered buses from using this street; the bus in question could very well have been one operated by someone other than the defendant. It was said in *Sargent* v. *Massachusetts Accident Co.* 307 Mass. 246, at page 250, that it is "not enough that mathematically the chances somewhat favor a proposition to be proved; for example, the fact that colored automobiles made in the current year outnumber black ones would not warrant a finding that an undescribed automobile of the current year is colored and not black, nor would the fact that only a minority of men die of cancer warrant a finding that a particular man did not die of cancer." The most that can be said of the evidence in the instant case is that perhaps the mathematical chances somewhat favor the proposition that a bus of the defendant caused the accident. This was not enough. A "proposition is proved by a preponderance of the evidence if it is made to appear more likely or probable in the sense that actual belief in its truth, derived from the evidence, exists in the mind or minds of the tribunal notwithstanding any doubts that may still linger there." *Sargent* v. *Massachusetts Accident Co.* 307 Mass. 246, at page 250.

In cases where it has been held that a vehicle was sufficiently identified so as to warrant a finding that it was

---

[1] The defendant in its brief concedes that this route included the place where the accident occurred.

owned by the defendant, the evidence was considerably stronger than that in the case at bar. See, for example, *Kelly* v. *Railway Express Agency, Inc.* 315 Mass. 301; *Gallagher* v. *R. E. Cunniff, Inc.* 314 Mass. 7, 8–9; *Breen* v. *Dedham Water Co.* 241 Mass. 217; *Heywood* v. *Ogasapian,* 224 Mass. 203; *Hopwood* v. *Pokrass,* 219 Mass. 263.

The evidence in the instant case is no stronger for the plaintiff than that in *Atlas* v. *Silsbury-Gamble Motors Co.* 278 Mass. 279, or in *Cochrane* v. *Great Atlantic & Pacific Tea Co.* 281 Mass. 386, where it was held that a finding that the vehicle in question was owned by the defendant was not warranted.

*Exceptions overruled.*