## CARMELLA PERROTTA'S CASE.

Suffolk.    November 9, 1945. — November 30, 1945.

Present: FIELD, C.J., LUMMUS, DOLAN, RONAN, & SPALDING, JJ.

*Workmen's Compensation Act,* Injuries to which act applies; Time of injury; Procedure: notice, filing of claim, amendment of claim, exceptions.

Evidence warranted a finding that incapacitating injury to the hands, anemia, and arthritis resulting to an inspector and packer of rubber soles from the use in his work of gasoline containing tetraethyl lead were compensable injuries under the workmen's compensation act.

Evidence warranted a finding that an insurer under the workmen's compensation act was not prejudiced by the failure of an employee to give notice and to file a claim within the times specified in § 41 of the act.

An inquiry as to whether, within § 49 of the workmen's compensation act, an employee had reasonable cause for delay in filing a claim for compensation is rendered unnecessary by a finding that the insurer was not prejudiced by the delay.

No error appeared in the allowance by a single member of the Industrial Accident Board of an amendment of a claim being heard by him substituting the earliest of three dates when the claimant had left his

employment because of use of a poisonous substance in doing his work for the latest date, on which he previously had relied, where it appeared that the insurer had not been prejudiced by failure to comply with statutory requirements as to the giving of notice and the filing of claim.

Exceptions to a ruling made by a single member of the Industrial Accident Board hearing a claim under the workmen's compensation act are not brought either to the Superior Court or to this court unless shown to have been urged and saved before the reviewing board.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board.

The case was heard in the Superior Court by *Pinanski*, J.

*J. L. Fitzpatrick*, for the insurer.

*N. Richman*, for the claimant.

RONAN, J. This is an appeal by the insurer from a decree of the Superior Court awarding compensation to an employee for partial disability.

The findings of the Industrial Accident Board were in substance that the employee, whose occupation from 1932 to 1940 was that of inspector and packer of rubber soles, was furnished by her employer with gasoline containing tetraethyl lead, a toxic substance, which she used for removing spots from soles, and that as a result thereof her hands were injured and she became afflicted with anemia and arthritis. She was incapacitated for two periods during her employment, and for a third period starting with the time she quit her employment. Physical injuries to the hands of an employee which are caused by using a poisonous substance in doing his work are compensable injuries. *Panagotopulos's Case*, 276 Mass. 600. *Davis's Case*, 304 Mass. 530. *Sylvia's Case*, 313 Mass. 313. An examination of the evidence supports the action of the reviewing board in finding that the' employee suffered an injury which arose out of and in the course of her employment, in determining the extent of incapacity and in fixing the amount of compensation. The findings as to these matters accordingly cannot be disturbed. *Roney's Case*, 316 Mass. 732. *Webb's Case*, ante, 357. *Frennier's Case*, ante, 635.

The failure of the employee to give a written notice of

her injury to the insurer or to the employer "as soon as practicable after the happening thereof," G. L. (Ter. Ed.) c. 152, § 41, or to file a claim within six months after the occurrence of the injury, § 41, does not bar her from main-taining a proceeding for compensation if she proves that the insurer, the employer or agent had knowledge of the injury or that the insurer was not prejudiced by the want of notice, § 44, and that her failure to make claim seasonably was due to mistake or other reasonable cause or that the insurer was not prejudiced by the delay in filing the claim, § 49. The board found that the gasoline caused the hands of the employee to get dry, her skin to crack and her hands to swell. She was compelled to leave her employment three times on account of the condition of her hands. She spoke to the foreman about the condition of her hands on several occasions, and also showed them to the first aid man of the employer, who advised her to bathe them in Epsom salts. This was the treatment recommended by her physician. The board could find that she received proper medical at-tendance and that the insurer was not impeded in the preparation and presentation of its defence of the case. Whether the insurer was prejudiced by the want of notice or by the late filing of the claim was a question of fact for the determination of the board. There was no error in finding that no prejudice resulted to the insurer. *Johnson's Case,* 279 Mass. 481. *Gaffer's Case,* 279 Mass. 566. *Wnu-kowski's Case,* 296 Mass. 63. *Zabec's Case,* 302 Mass. 465. *Duggan's Case,* 315 Mass. 355.

We need not determine the correctness of the finding that the employee had reasonable cause for the delay in making her claim because, having proved that the insurer was not prejudiced by the delay, it was unnecessary to prove that she had reasonable cause for the delay. G. L. (Ter. Ed.) c. 152, § 49. *Dorney's Case,* 259 Mass. 350. *Tingus's Case,* 273 Mass. 453. *Zabec's Case,* 302 Mass. 465. *Davis's Case,* 304 Mass. 530.

Soon after the hearing began before the single member, the employee was allowed to amend her claim by substitut-ing September, 1936, as the date of injury instead of April,

1940. There was evidence that the employee left her employment in September, 1936, in May, 1937, and finally on April 26, 1940, because of her inability to continue on account of the condition of her hands. The question might well arise at the hearing before the single member whether she had sustained three distinct injuries or whether there was but one injury in September, 1936, and the subsequent incapacities on the later dates were nothing but manifestations of the original injury. *Sylvia's Case,* 313 Mass. 313. Compare *Panagotopulos's Case,* 276 Mass. 600. Her claim from the beginning was that she had been incapacitated on account of the use of gasoline. In view of the finding as to lack of prejudice, there was no error in permitting her to show that her injury arose in September, 1936. See *Mercier's Case,* 315 Mass. 238, 242.

The insurer has argued various rulings, most of them relating to evidence, made by the single member. If the insurer considered that any of these rulings on evidence were material, it should have raised them before the reviewing board and given the board an opportunity to correct them if found to be erroneous. See *Filosa's Case,* 295 Mass. 592, 595. The insurer cannot complain that the board took no action on the rulings when, so far as the record appears, the insurer did not bring them to the attention of the board. Exceptions to rulings made by a single member are not brought to the Superior Court or to this court unless shown to have been urged and saved before the board. *Minns's Case,* 286 Mass. 459. *Di Clavio's Case,* 293 Mass. 259. *Indrisano's Case,* 307 Mass. 520. *Donlan's Case,* 317 Mass. 291.

The matter of the allowance for attorney's fees, briefs, and expenses in accordance with G. L. (Ter. Ed.) c. 152, § 11A, as inserted by St. 1945, c. 444, is dealt with in a separate order of the court. See *McSweeney's Case, ante,* 620.

*Decree affirmed.*