FRANK RASSO'S CASE.

Hampden.    March 7, 1949. — April 7, 1949.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & WILLIAMS, JJ.

*Workmen's Compensation Act*, Incapacity; Procedure: recommittal to Industrial Accident Board. *Proximate Cause. Evidence*, Hypothetical question.

Evidence warranted a finding by the Industrial Accident Board in a workmen's compensation case that incapacity of the employee was due to a recurrence of an original dermatitis and not to a new dermatitis subsequently contracted while working for a different employer.

At the hearing of a claim under the workmen's compensation act it was proper to exclude a hypothetical question asked of a qualified expert which was based merely on the assumption that a named physician had made findings, expressed an opinion and made a report, that the claimant had made a statement, that a hospital record contained certain findings and that an observation had been made by a certain employer, but not upon the assumed truth of facts included therein.

Upon certification to the Superior Court of a decision by the Industrial Accident Board in a workmen's compensation case awarding compensation to be paid by a certain employer as self insurer, no abuse of

discretion appeared in a denial of a motion to remand the case to the board for a rehearing before a single member with a later employer of the claimant made a party thereto, where it appeared that the facts relating to the claimant's employment by the later employer had been in evidence before the board and that no causal connection had been shown between such employment and the injury upon which the claim was based.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the workmen's compensation act.

The case was heard by *Donnelly*, J.

In this court the case was submitted on briefs.

*R. P. Walsh & T. L. Goggin*, for United States Rubber Company.

*H. A. Moran & H. A. Moran*, Jr., for the claimant.

WILLIAMS, J. The United States Rubber Company, a self insurer, has appealed from a decree of the Superior Court awarding compensation as hereinafter stated under the provisions of the workmen's compensation act, G. L. (Ter. Ed.) c. 152, as amended, to the claimant, a former employee. Under a previous decision of the Industrial Accident Board whereby said employee was found to have received an injury in the nature of contact dermatitis on December 10, 1945, while working for the self insurer, the said employee received compensation for such injury from December 27, 1945, to October 23, 1946. See *Panagotopulos's Case*, 276 Mass. 600, 604. The claimant now seeks continuance of such compensation from the last mentioned date.

According to the findings of the single member, affirmed and adopted in the decision of the reviewing board, the claimant has been incapacitated since October 23, 1946, by a recurrence of his original dermatitis and is entitled to continuing compensation except for the period from December 19, 1946, to January 30, 1947, when he was employed by the Richardi Construction Company. The self insurer contends that there was not sufficient evidence to warrant a finding of such recurrence and that a new dermatitis was contracted by the employee while working for

Richardi. The evidence tended to show that since December 10, 1945, the claimant has suffered intermittently, and at times severely, from the dermatitis then contracted and that he has become sensitive to the effects of various forms of irritants. His work for Richardi was that of carrying bricks and mortar to workmen on the upper floors of a building under construction by his employer. There was no evidence that in the course of such work he came in contact with any external irritant which would affect his skin.

The facts are similar to those in *Wentworth's Case*, 284 Mass. 479, and are distinguishable from those in *Panagotopulos's Case*, 276 Mass. 600, and *Corey's Case*, 276 Mass. 610. The finding of the reviewing board that the incapacity of the claimant after October 23, 1946, was due to a recurrence of the old injury was warranted.

The self insurer excepted to the exclusion of a hypothetical question to a qualified medical witness which concluded with the inquiry, "have you an opinion as to whether or not the employee's present condition is causally related to his employment at the United States Rubber Company or to his employment at Richardi Construction Company?" The question as phrased required the witness to assume as true that a certain Dr. Anderson had made findings, had expressed an opinion, and had made a report. It also required the assumption that the claimant had made a statement; that a hospital record contained certain findings and that an observation had been made by one Richardi. The question did not require the witness to assume the truth of the facts stated in these hearsay statements and findings but only to assume that such statements, findings and observation had been made. No factual basis for an expression of opinion was established and the exclusion of the question was not error. See *Fiander's Case*, 293 Mass. 157, 164; *Minns's Case*, 286 Mass. 459, 468.

Moreover, it appears that the witness testified that "Perspiration caused by the work, exposure to dust and washing with soap and water could aggravate the already

existing condition." The board member asked the witness, "in your opinion is there any probable connection between his [the claimant's] condition and the work at Richardi's?" The witness replied, "there is a probable connection as far as aggravation of the condition is concerned, not as to cause." It is apparent that the substantial rights of the self insurer were not affected by the exclusion of the question. *Pigeon's Case,* 216 Mass. 51, 55. *Chapman's Case,* 321 Mass. 705, 712.

After certification to the Superior Court the judge denied a motion that the "case be remanded to the Industrial Accident Board for rehearing before a single member thereof, with Richardi Construction Company a party thereto." In such denial there was no abuse of discretion. The facts relating to the claimant's employment by Richardi were already in evidence and no causal connection had been shown between such employment and the claimant's continuing dermatitis.

Costs of this appeal will be settled by an order of a single justice. G. L. (Ter. Ed.) c. 152, § 11A, inserted by St. 1945, c. 444.

*Decree affirmed.*