GEORGE LAMBERT'S CASE.

Worcester. March 6, 1950. — March 13, 1950.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & COUNIHAN, JJ.

*Workmen's Compensation Act*, What insurer liable, Incapacity, Requests and rulings. *Proximate Cause.*

In a workmen's compensation case involving an issue whether the original injury, or a later injury when another insurer covered the risk, was the cause of a recurrence of disability from dermatitis, where the reviewing board had found that there was no intervening cause following the original injury, a statement in a decree of the Superior Court that the later disability "resulted from a new, intervening cause" was deemed by this court on appeal to be a ruling of law supposedly required by the findings of the board, since the court had no power to make findings of fact.

Evidence warranted findings by a reviewing board in a workmen's compensation case that a recurrence of disability from dermatitis in June and in December, 1948, was caused by an original injury in December, 1947; and that the insurer covering the risk in December, 1947, not another insurer covering it at the times of the recurrence of disability, was liable to pay the entire compensation.

CERTIFICATION to the Superior Court of a decision of the Industrial Accident Board in a workmen's compensation case.

The case was heard by *O'Brien*, J.

*P. S. Ratzkoff*, for Employers' Liability Assurance Corporation, Limited.

*E. Burke*, for the claimant.

*J. T. Donahue*, for Maryland Casualty Company.

WILKINS, J. The principal question is that of liability between two insurers. The employee, an operator of a nickel plating machine, in December, 1947, suffered a dermatitis arising out of and in the course of his employment, but kept at work until March 29, 1948. Reversing the single member, the reviewing board found that there was no intervening cause between December, 1947, and March 29, 1948, and that Maryland Casualty Company, the insurer at the earlier date, was liable to pay compensation. There was total incapacity until April 26, 1948, and again from June 26, 1948, until September 13, 1948, and still again from December 30, 1948.[1] In the Superior Court, a decree was entered declaring that the disability from March 29, 1948, to April 26, 1948, was due to an injury received in December, 1947; that Maryland Casualty Company was liable to pay compensation for that period; that the two later periods of disability "resulted from a new, intervening cause"; and that Employers' Liability Assurance Corporation, the insurer during those periods, was liable to pay compensation therefor. The decree ordered that the case be remanded to the board "for determination of order

[1] A finding of the reviewing board was "that as a result of his injury" in December, 1947, the employee "was totally incapacitated for work from March 29 to April 26, 1948, from June 26, 1948, to September 13, 1948, and since December 30, 1948." — REPORTER.

of payment to C. Robert Damiani, M. D. under the provisions of G. L. (Ter. Ed.) c. 152, § 9A [as appearing in St. 1938, c. 381]; and for the determination of the order of costs under the provisions of G. L. (Ter. Ed.) c. 152, § 10, as amended by St. 1947, c. 546." The employee and Employers' Liability Assurance Corporation appealed.

The Superior Court is not empowered to make findings of fact. *DePietro's Case*, 284 Mass. 381, 384. *Filosa's Case*, 295 Mass. 592, 596. *Willand's Case*, 321 Mass. 677, 678. Accordingly, we deem the statement in the decree respecting "a new, intervening cause" to be a ruling of law supposedly required by the findings of the reviewing board. The contrary finding by the board, however, was warranted. The employee testified that when he returned to work on the advice of a physician in April, 1948, he was not completely cured. When he again went to work on September 13, 1948, it was as a weaver in a textile mill on dry work with no exposure to acids. "At that time his hands were a little better, but they broke out off and on — the condition would get active all the time." Dr. Damiani testified on February 23, 1949, that the dermatitis was a continuation of one process which started in December, 1947, and that the employee's skin had never completely cleared. The effect of this testimony was not destroyed by his other testimony, such as that in April, 1948, the witness told the employee that he could go back to work "if he was careful on the work he did," or that when the witness first saw him in July "the fact that he had gone back to the original work and had worked on nickel and other solutions had caused" an exacerbation of the dermatitis.

Only one insurer can be charged for the same disability, and where there are several successive insurers, chargeability for the whole compensation rests upon the one covering the risk at the time of the most recent injury that bears a causal relation to the disability. *Sylvia's Case*, 313 Mass. 313, 314. The finding of the board means that the only injury causally related to the disability was that

of December, 1947, and so Maryland Casualty Company is exclusively liable. The case falls within the authority of *Wentworth's Case*, 284 Mass. 479, *McCann's Case*, 286 Mass. 541, *Davis's Case*, 304 Mass. 530, and *Rasso's Case*, 324 Mass. 190. It is not governed by *Panagotopulos's Case*, 276 Mass. 600, which recognizes that compensation would be awarded against the first insurer in a case like the present, where incapacity was due to the combined effect of the original injury and later injury or injuries, and no later injury was an independent intervening cause breaking the connection between the original cause and the subsequent incapacity (page 607).

The decree failed to determine costs in the Superior Court. That should now be done in that court. G. L. (Ter. Ed.) c. 152, § 11A, inserted by St. 1945, c. 444, as amended by St. 1949, c. 372.

The decree is reversed and the case remanded to the Superior Court for further proceedings consistent with this opinion. Costs in this court shall be allowed by the single justice.

*So ordered.*