CHESTER TARTAS'S (dependents') CASE.

Suffolk.  March 4, 1952. — April 4, 1952.

Present: LUMMUS, RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Workmen's Compensation Act*, Injuries to which act applies.  *Proximate Cause.*

The contracting of anthrax by an employee working on hides and thereby exposed to the hazard of contracting it was a personal injury suffered by him under G. L. (Ter. Ed.) c. 152, § 1 (7A), inserted by St. 1941, c. 437.

Evidence in a workmen's compensation case left it conjectural whether the employee contracted anthrax, which caused his death, from working on hides for the insured employer on two days or from working on hides for other employers at times just before and just after such two days, and an award of compensation against the insurer of such employer was error.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the workmen's compensation act.

The case was heard by *Swift*, J.

*J. C. Gahan, Jr.*, (*L. Brown* with him,) for the insurer.

*W. H. Melley*, for the claimants.

LUMMUS, J.   This is a workmen's compensation case in which the employer is Jarka Stevedore Company and the insurer is United States Mutual Liability Insurance Company.  It was not disputed that in January, 1948, the employee contracted anthrax, from which he died on January 19, 1948, leaving a widow and three dependent children less than eighteen years of age.  The single member and the reviewing board found for the claimants, and the judge awarded them compensation.  The insurer appealed.

The first question is whether the introduction into the body of the anthrax germ is a "personal injury" within the meaning of G. L. (Ter. Ed.) c. 152, § 26, as amended.  Even before the amendment of 1941, disease acquired through the

skin was held a personal injury. *Panagotopulos's Case*, 276 Mass. 600. *Wentworth's Case*, 284 Mass. 479. *Robinson's Case*, 299 Mass. 499. *Davis's Case*, 304 Mass. 530, 534. *Sylvia's Case*, 313 Mass. 313. *Perrotta's Case*, 318 Mass. 737. *Rasso's Case*, 324 Mass. 190. *Lambert's Case*, 325 Mass. 516. In *Smith's Case*, 307 Mass. 516, 519, it was intimated that contracting glanders or anthrax constitutes a personal injury. By the amendment to G. L. c. 152, § 1 (being paragraph 7A), inserted by St. 1941, c. 437, it was provided that "'Personal injury' includes infectious or contagious diseases if the nature of the employment is such that the hazard of contracting such diseases by an employee is inherent in the employment." In this case the medical evidence shows that an employee working on hides, skins and wool exposes himself to the hazard of contracting anthrax. *Perron's Case*, 325 Mass. 6.

The decisive question is whether the evidence supports the finding that the employee contracted anthrax while working for Jarka Stevedore Company on January 8 or 9, 1948. Medical testimony was to the effect that anthrax may be contracted from handling wool or hides, whether the hides are wet and salted, or dry, but that dry hides are more likely to contain its germs than wet salted ones. On January 3, 4, 5, and 6, 1948, and again on January 12, 1948, the employee worked for other employers, handling hides. Two expert medical witnesses, called by the claimants, admitted that it was impossible to determine when the infection took place, if the employee handled hides on all the days stated above. They testified that the period of incubation of anthrax varied from twelve hours to five days. The pimple that appeared on the neck of the employee on January 11 might be a symptom of anthrax but might be an ordinary pimple that later became infected, possibly on the next day, as those experts admitted. There was no evidence that the hides handled by the employee at any time actually contained the germs of anthrax.

The claimants had the burden of proving by a preponderance of the evidence that the employee contracted anthrax

arising out of and in the course of his employment by Jarka Stevedore Company. *Sawyer's Case*, 315 Mass. 75, 76. *Woloshchuck's Case*, 325 Mass. 10, 12. The claimants cannot prevail if the question is left to guess, surmise, conjecture or speculation, so that the facts established are equally consistent with no right to compensation and with such a right. *Sponatski's Case*, 220 Mass. 526, 528. *McLean's Case*, 323 Mass. 35, 41. It is not enough that mathematically the chances somewhat favor the existence of a state of facts that would give a right to compensation. The evidence must be sufficient to create actual belief in the fact to be proved. *Sargent* v. *Massachusetts Accident Co.* 307 Mass. 246, 250. *Smith* v. *Rapid Transit Inc.* 317 Mass. 469, 470. In our opinion there was no evidence warranting a finding that anthrax in the employee arose out of and in the course of his employment by Jarka Stevedore Company. In principle the case resembles *Breault's Case*, 270 Mass. 256.

The principle that, where there are several successive insurers, the one chargeable with the payment of the whole compensation is the one covering the risk at the time of the most recent injury that bears a causal relation to the disability (*Sylvia's Case*, 313 Mass. 313, 314; *Lambert's Case*, 325 Mass. 516, 518), has no application. In the present case there is no evidence sufficient to charge the insurer. The employment that resulted in disability and death cannot be determined from the evidence.

*Decree reversed.*
*Decree for the insurer.*