*Northern District*

No. 7233

**ANGELINA D. IMBIMO, ET ALI**

v.

**GUENTER AHRENS**

Argued:                    Decided:

*Present:* Connolly, J., (Presiding) Parker, Durkin, J.J.

Case tried to *Glaser, J.* in the First District Court of Eastern Middlesex No. 1445 of 1968.

\* *Parker, J. In this action of tort,* the plaintiffs seek to recover from the defendant for personal injuries, consequential and property damages resulting from an automobile accident caused by the negligence of the defendant. The declaration contained counts by the plaintiff, Anglina D. Imbimo for personal injuries, Patricia Imbimo a minor, for personal injuries, Maria Imbimo a minor. for personal injuries and Dante Imbimo as owner of a motor vehicle for property damage. There are also counts by Dante, Angelina's husband and father of Patricia and Maria, for consequential damages. The defendant's answer contained a general denial and defenses of contributory negligence and of violation of law.

*There was evidence as follows:*

The plaintiff, Angelina, was operating an automobile owned by her husband, at about

8:15 A.M., 4 February 1968. At the intersection of Highland Avenue and Medford Street, Malden she was involved in an accident with an automobile owned and operated by the defendant. In the car with her were the plaintiffs Maria, sitting in the front seat next to her, and Patricia, sitting on the extreme right of the front seat.

Angelina injured her right hand, left leg, left side and left chest. She was taken to the hospital where she called her family doctor, Dr. Blotnick, and was treated in the out-patient department and sent home. At the time of the accident her condition was generally good other than fluid in her legs. She had no trouble with her chest before this accident. At the end of three weeks she returned to work and was able to do her full work. On the first or second of May, 1968 she observed a lump on her left breast and recalled that in the accident she had hit her breast on the steering wheel. She went to Dr. Blotnick immediately and, following consultation with him, was admitted to the Malden Hospital, where Dr. Greary performed a radical mastectomy. She had had no trouble with her breast at all until five or six days prior to 6 May 1968, when she consulted Dr. Blotnick.

Dr. Blotnick treated Angelina and the children at the outpatient department of the hospital after the accident and saw Angelina six or seven times, the final visit being in March 1968. He saw her again on 6 May 1968 with refer-

ence to the complaint of a lump on her left breast. Dr. Blotnick had been Angelina's family physician for two years and until May of 1968 she had never complained to him of chest pain or pain in the left breast. On 20 May 1968 Dr. Geary performed surgery and a biopsy of the mass was made which revealed lymphal growth, Dr. Geary removed seventeen lymph glands, four of which showed evidence of metarousis.

Dr. Blotnick expressed no opinion as to any relationship between the automobile accident and the ensuing carcinoma which was diagnosed in May 1968, stating that he was unable to form an opinion. He testified that the dimpling of the skin, which was observed by another physician in May 1968, was not indicative that the lesion had existed for any length of time, but was characteristic of the malignancy of the growth. Dr. Geary, the operating physician, testified that his examination of Mrs. Imbimo showed dimpling of the skin which indicated carcinoma.

Dr. Geary was asked the following hypothetical question: Assuming that prior to the accident on February 4, 1968, the plaintiff whose general condition was good, was involved in an accident and as a result of the accident she was thrown around her vehice and struck her left chest on the steering wheel and fractured her right hand disabling her for a period of three weeks following which she resumed her

regular work; and assuming further that on May 6, 1968 she went to her attending physician because of a lump she had discovered in her left breast some seven days previously, would you have an opinion as to the causal connection between the accident and the subsequent cancer? Dr. Geary's answer to the question was:— "Trauma can aggravate the condition."

"It can be a factor which could aggravate an existing condition of cancer"? It is not clear whether this is a question by counsel or whether it is a statement by the doctor. We, therefore, disregard the statement or question.

However, Dr. Geary testified that the dimpling of the skin, which he observed at the date of his first examination, indicated to him that the cancer had been in existence for some period of time and that it was probably present on 4 February 1968 when the accident occurred, and that it was possible that a blow might have aggravated the lump, that trauma can cause tissue to spread and that it was possible that the blow might have aggravated the lump, it could send off emboli of cancer cells and spread them and could spread a pre-existing cancer condition and there was a possibility that a blow could have aggravated the quiescent condition at the time of the accident.

Dr. Thomas Alglem, a qualified physician specializing in diagnosis and treatment of carcinoma, testified that he had not examined the patient, but had studied all the hospital

records involving her treatment since her out-patient visit to the hospital on 4 February 1968 and the record of Dr. Carey who had examined the patient on April 16, 1968. In his opinion there was no connection at all between the automobile accident of 4 February 1968 and the subsequent cancer resulting in the left mastectomy performed on the plaintiff in May of 1968. On cross examination of ths doctor he stated that in surgical operations caution is taken not to traumatize an existing cancerous condition to avoid spreading the disease and that trauma, under certain conditions might aggravate existing cancer and that precautions are taken to avoid an unnecessary blow.

The defendant seasonably filed the following requests;

    1. The evidence does not warrant a finding that the defendant, his agent or servants were negligent.

    2. The evidence does not warrant a finding other than that the negligence of the plaintiff contributed in whole or in part to cause the alleged injuries and damage.

    3. The evidence does not warrant a finding that the negligence of the defendant proximately caused the alleged injuries and damage.

    4. As a matter of law the defendant

breached no legal duty owed by him to the plaintiff.

5. The evidence does not warrant a finding of a causal connection between the accident and the cancer suffered by the plaintiff in May, 1968 and thereafter.

6. The evidence does not warrant a finding that the accident of February 4, 1968 caused the cancerous condition of the plaintiff's left breast which was diagnosed in May, 1968.

7. The evidence does not warrant a finding that the alleged accident aggravated an existing condition of cancer of the plaintiff's left breast.

8. As a matter of law the evidence is conjectured respecting any causal connections between the accident and the subsequent cancer suffered by the plaintiff in May of 1968.

The court denied all the requests except #5 and made the following finding:

"I find, as a fact, upon all of the evidence that the plaintiff was in the exercise of due care. I further find, as a fact, upon all of the evidence that the defendant was the direct and proximate cause of the injuries sustained by the plaintiff and that said negligence was the cause of aggravating an existing condition of cancer of the plaintiff's left breast.

"I have allowed the defendant's request #5 as I find as a fact that the defendant's negligence and the traumatic injury sustained by the plaintiff to the left breast as a result thereof did not cause the original cancer, but on the other hand have denied defendant's request number 6 as I find as a fact that the defendant's negligence and the traumatic injury to the left breast of the plaintiff as a result thereof did cause the aggravation of the cancerous condition already existent in the plaintiff."

The court found for the plaintiff Angelina and the other plaintiffs and assessed the sum of thirty-one thousand, two hundred seventy-two dollars and forty-nine cents ($31,272.49) as Angelina's damage.

On the briefs and on argument before us both counsel stated that the only question presented was whether the court was in error in finding a causal connection between a blow the plaintiff, Angelina Imbimo, received to her left chest in an automobile accident and a subsequent spreading of cancer in her left breast necessitating its removal.

The burden is on the plaintiff to show by the preponderance of the evidence that there is a causal connection between the blow which the plaintiff received to her left breast and the resulting operation for cancer. The plaintiff must prove by the preponderance of the evi-

dence that it appears more likely or probable in the sense that actual belief in its truth derived from the evidence, exists in the mind of court notwithstanding any doubts that may still linger there. *Smith* v. *Rapid Transit, Inc.* 317 Mass. 469, 470. *Sargent* v. *Mass. Accident Co.* 307 Mass. 246, 250. *Morris* v. *Weene* 258 Mass. 178.

There was evidence upon which the court could find that cancer existed in the plaintiff's left breast at the time of the accident. Dr. Geary, the surgeon who performed the operation, testified that in his opinion the cancer had been in existence for some period of time and that it was probably present at the date when the accident occurred.

The question before us is whether the evidence as reported was sufficient to warrant a finding that the contact of the plaintiff's breast on the steering wheel at the time of the accident caused an aggravation of the cancerous condition already existent in the plaintiff and resulting in the operation.

Dr. Blotnick, the plaintiff's family physician, stated he was unabe to form an opinion as to any relationship between the automobile accident and the ensuing carcinoma.

Dr. Geary, was asked a hypothetical question based on the facts, if he had an opinion as to the causal connection between the accident and the subsequent cancer. His answer was that "Trauma can aggravate the condition".

He further testified that it was possible that a blow might have aggravated the lump and it could send off emboli of cancer cells and spread them and could spread a pre-existing cancer condition and there wsa a possibility that a blow could have aggravated the quiescent at the time of the accident.

Dr. Carey examined the plaintiff, Angelina, 16 April 1968 when he made a diagnosis of her condition which made no mention of cancer.

Dr. Alglem, a specialist in diagnosis and treatment of carcinoma testified he did not examine the plaintiff, Angelina, but that he had studied all hospital records involving her since her out-patient visit to the Malden Hospital of 4 February 1968, and the report of Dr. Casey and that in his opinion there was no connection at all between the automobile accident of 4 February 1968 and the subsequent cancer resulting in the operation performed on the plaintiff Angelina in May, 1968. On our examination Dr. Alglem stated that in surgical operations caution is taken not to traumatize an existing cancerous condition in order to avoid spreading the disease, and that trauma can aggravate an existing cancer under certain conditions and that precautions are taken to avoid an unnecessary blow.

The plaintiff has the burden of proving the relation of cause and effect between two facts. The testimony of an expert that such a relation exists, or probably exists is enough.

But testimony of an expert that such relation is possible, conceivable, or reasonable, without more, leaves the issue trembling in the balance. *DeFilippo's Case,* 284 Mass. 531, 534. *Green's Case,* 266 Mass. 355, 357. *Sheehan* v. *Strong,* 257 Mass. 525, 529.

The testimony of an expert witness merely that a described condition is "possible" or "might" exist as a consequence of a stated cause does not support a conclusion that such a condition in fact exists as a result of that cause. *Halnan* v. *N.E. Tel. & Tel.,* 296 Mass. 219, 223-24.

It is not enough that mathematically the chances somewhat favor the existence of a state of facts that would give a right to compensation. The evidence must be sufficient to create actual belief in the fact. *King's Case* 328 Mass. 488. *Tartas's Case* 328 Mass. 585.

The cases cited by the plaintiff in his brief *Emma* v. *Juilliard & Co., Inc.,* 63A 2d 786; *Russo* v. *Wright Aeronautical Corp.,* 64A 2d 71; and *Miller* v. *Nat. Cabinet Co.,* 8 NY 2d 277 are cases in which there was positive medical evidence from experts for the plaintiff or claimants.

This case is controlled by the principles established in *Sevigny's Case,* 337 Mass. 747, and there was error in the denial of the defendant's requests for rulings 6, 7 and 8.

Since from the report we are unable to determine the court's findings as to damages to

the plaintiff, Angelina, exclusive of her alleged damages resulting from her claim for damages for cancer, we return the case to the trial court for a new trial to determine her damages without consideration of carcinoma alleged to have been aggravated by the accident.

ELIHU PEARLMAN
  for plaintiff.

OWEN R. CARRIGAN
  for defendant.